■ In the Matter of SUSAN F., Appellant.—In a proceeding pursuant to section 1055 of the Family Court Act to continue the placement of a neglected child, the appeal is from an order of the Family Court, Kings County, dated January 26, 1977, which denied the extension of, and termi-

nated, the placement. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for consideration of the petition dated January 14, 1977 as a *de novo* neglect petition, with a hearing on the merits to be held thereon forthwith. Susan was originally placed for 18 months with the Commissioner of Social Services on October 11, 1973, pursuant to a finding of neglect against her father on a petition filed against both parents. At different times, three other siblings were placed with the Commissioner of Social Services because of the parents' inability to properly care for them. On May 1, 1975, on the basis of a petition for an extension of placement, the Family Court extended Susan's placement for one year as of April 11, 1975. Although the one-year extension of placement expired on April 10, 1976, no petition for a further extension was filed until January 14, 1977. The agency alleges that it inadvertently failed to file the petition resulting from the belief that the expiration date of Susan's extension was the same as that of two of her older siblings, Wayne and Allison. Susan and Allison were living in the same foster home. Notice was given to the children's parents, who did not appear at the hearing. The placement of Wayne and Allison, for whom petitions for extension were timely brought, were continued for an additional year. A request for an order making the petition as to Susan timely was *denied* and the extension petition was dismissed. The legal effect of the denial was to immediately entitle Susan's parents to her custody although she continued in foster care. It was not until this appeal was taken that Susan's mother decided to intervene and ask for custody of her child. The entry of an order extending placement *nunc pro tunc* is not permissible, and would defeat the statutory limitation of the initial placement for a period of 18 months, and any subsequent extension for a period of one year (see Family Ct Act, § 1055; *Mohrmann v Kob*, 291 NY 181). The unusual circumstances in the case at bar and the best interests of the child require, however, a plenary hearing at which the parents' present inability to care for their child must be proven. In ordering the hearing, we do not sanction the agency's neglect or condone the practice of making a late application for the extension of a child's placement. In the future, the necessity for making a timely application for extension of placement should be observed by every child care agency and the failure to do so might result in serious consequences (see US Code, tit 42, § 1983; *Duchesne v Sugarman*, 566 F2d 817). Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.