■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of CHARLES M. CANNON, Respondent, v GENERAL MOTORS CORPORATION, FISHER BODY DIVISION, Petitioner. — Petition unanimously granted, without costs, order reversed and complaint dismissed. Memorandum: Complainant charged respondent, his employer, with unlawful discrimination in denying him equal terms, conditions and privileges of employment because of race and color. After a hearing the Commissioner of Human Rights issued an order which found that respondent discriminated against complainant because of race and color in violation of the Human Rights Law by permitting a racial slur. The Human Rights Appeal Board affirmed the decision and order of the commissioner. The issue presented is one that we have considered in the past; namely, whether the use of ethnic slurs and insults by a superior without the knowledge or acquiescence of the employer is an unlawful discriminatory practice in violation of the Human Rights Law. We find that it is not *(State Div. of Human Rights v Henderson, 49 AD2d 1026).* The record supports the findings of the commissioner, as affirmed by the appeal board, that in an argument over work assignments between complainant and his supervisor, the supervisor used a racial slur against complainant; that respondent's supervisor of labor relations conducted an investigation of the incident, in which he interviewed witnesses; and that the conclusion of the investigation was not to sustain the charge. The evidence does not, however, support the finding that respondent discriminated against complainant in terms, privileges or conditions of employment by permitting a racial slur. The conducting of the investigation evidences that respondent did not tacitly condone the incident. That the investigation resulted in a conclusion different from that of the commissioner does not allow a finding that respondent permitted the racial slur. An isolated insult of an employee by his supervisor is insufficient proof to find that the employer discriminated because of race and color, without further evidence the employer condoned or ratified the use of such language (see *Silver v KCA, Inc.,* 586 F2d 138; *Friend v Leidinger,* 446 F Supp 361, affd 588 F2d 61). (Proceeding pursuant to Executive Law, § 298.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ In the Matter of JOHN M. — Order unanimously reversed, without costs, and matter remitted to Oneida County Family Court for further proceedings in accordance with the following memorandum: The Social Services Department of Oneida County appeals from an order of Family Court which denied its petition to extend placement of the infant John M. Family Court improperly denied the petition without the hearing required for an extension of placement by section 1055 (subd [b], par [ii]) of the Family Court Act. Placement with appellant agency had been made on May 24, 1978 of the now four-year-old abused child. While no time period was set forth in the original order, the initial period is generally 18 months, and the court, in its discretion, may order successive extensions limited to one year each (Family Ct Act, § 1055, subd [b], par [i]). At the time of the application in September, 1979 for an extension, approximately 17 months had elapsed since May, 1978, the date of the original order. All the parties were present before the court including the infant's mother who had consented to the extension of placement. Under the circumstances, Family Court's denial of the petition without a hearing was an abuse of its discretion. (Appeal from order of Oneida County Family Court — child placement.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.