■ In the Matter of FAITH Z., Alleged to be a Neglected Child. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRED Z. et al., Appellants. — Appeal from an order of the Family Court of Fulton County (Hood, J.), entered March 31, 1982, which extended the placement of Faith Z. with the Fulton County Department of Social Services for a period of 12 months. Faith Z., now age nine, who is the subject of the instant proceeding for extension of place-ment, was adjudicated a neglected child in 1979 and placed with the Fulton County Department of Social Services. A previous extension of placement was granted in 1980. At some unspecified date, her parents left the area and took up residence with their other children in Oregon. They appeal from Family Court's order granting a further extension of placement for 12 months. On an application to extend placement of a neglected child, the burden is on the petitioning Department of Social Services to establish either the continued unfitness of the parents or that return of the child would likely result in physical or psychological harm (see *Matter of Harriet J.,* 64 AD2d 653; *Matter of Carmen,* 37 AD2d 629). There was strong evidence, including expert testimony, that the child here has thrived in the home of the foster parents where she has lived since the original placement and that return to her parents, whom she has not seen for an extended period, would be psychologi-cally damaging. Regarding evidence of the present unfitness of the natural parents, obviously, the Fulton County Department of Social Services did not have any realistic opportunity to observe the parents in their home environ-ment in Oregon, and the parents did not appear personally at the extension hearing. However, a report of investigation from a co-operating Oregon State Social Services agency was critical of appellants for keeping a retarded brother of the mother in close living contact with their other children, and recom-mended against return of Faith to the parents. Under the circumstances presented here, that evidence, which is unexplained and uncontradicted, together with the fact that the parents, by moving cross country, voluntarily removed themselves from personal contact with the child and from access to rehabilitative services, is sufficient to sustain the petition. The Law Guardian also recommended extension of placement. Nor do we find any error committed by the Family Court in permitting a pediatrician, who only saw the child professionally on one occasion, but saw the child socially on a regular basis, to express his expert professional opinion on the basis of those observations. There is nothing in the rules of evidence which would prevent a qualified expert from giving a professional opinion on the basis of direct observations, no matter how they arose. The order should, therefore, be affirmed in all respects. Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.