■ In the Matter of CHANGA W., a Child Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; MYRNA W., Respondent. (Proceeding No. 1.) In the Matter of FASHIYA W., a Child Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; MYRNA W., Respondent. (Proceeding No. 2.)—In two proceedings pursuant to Family Court Act § 1055 to continue the placement of two neglected children, the petitioner, the Commissioner of Social Services of the City of New York, appeals from an order of the Family Court, Kings County (Pearce, J.), dated April 30, 1986, which dismissed the proceedings and discharged the children to the custody of the petitioner.

Order reversed, as a matter of discretion, without costs or disbursements, and proceedings remitted to the Family Court, Kings County, for consideration of the petitions filed April 28, 1986, as de novo neglect petitions, and for a hearing on the merits to be held thereon before another Judge, forthwith.

The two children in this matter, having been found to be neglected, were placed with the Commissioner of Social Services of the City of New York for a period of 18 months. The placements were due to expire on May 1, 1986. On or about April 28, 1986, the Commissioner filed two supplemental petitions seeking to extend the placement of the children pursuant to Family Court Act § 1055 (b). The petitions were each accompanied by affidavits signed by a New York City Department of Social Services caseworker, seeking to explain the failure to file the petitions at least 60 days prior to the termination of the placement period, as required by statute (see, Family Ct Act § 1055 [b] [i]), as having been the result of an "administrative oversight". The Family Court found that this proffered excuse did not constitute "good cause" justifying

the Commissioner's failure to timely seek an extension of placement(see, Family Ct Act § 1055 [b] [i]), and accordingly, dismissed the petitions and, since the original placements had not yet expired, discharged the children to the Commissioner's custody. This court stayed the dismissal of the petitions.

While we agree that the Commissioner's claimed excuse did not constitute good cause for the failure to file the petitions for extension of placement in a timely fashion, under the circumstances, and in order that the best interests of the children be fully protected, rather than dismissing the petitions outright, the Family Court should have converted them into de novo neglect petitions (see, Family Ct Act § 1031 et seq.), and promptly conducted a plenary hearing at which the parent's present inability to care for her children would be required to be proven (see, Matter of Susan F., 59 AD2d 783, 784). In now so directing, we want to make it clear that we do not condone the careless practices employed by the agency herein and would remind the Commissioner, as we did in Matter of Susan F. (supra), of his obligation to comply with the statutory time requirements for filing petitions for extensions of placements (see, Family Ct Act § 1055 [b]). We further express our concern with regard to the serious consequences which may result from the Commissioner's failure to so act.

Finally, we note that there was no justification in the record for the Family Court's having conducted the proceedings herein without the presence of the children's court-appointed Law Guardian. The Law Guardian plays a vital role in protecting the rights and interests of a child in a Family Court proceeding (see, Family Ct Act § 249; Matter of Orlando F., 40 NY2d 103), and, absent some compelling reason therefor, it was error for the court to have proceeded in the Law Guardian's absence. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.