■ In the Matter of LINDSAY W. COMMISSIONER OF SOCIAL

SERVICES OF THE CITY OF NEW YORK, Appellant; BEATRICE W., Respondent.—In a proceeding pursuant to Family Court Act § 1055 to continue the placement of a neglected child, the petitioner, the Commissioner of Social Services of the City of New York, appeals from an order of the Family Court, Queens County (Torres, J.), entered October 31, 1985, which, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

By an order dated May 2, 1984, the Family Court, Queens County (Gilman, J.), adjudicated Lindsay W., a neglected child, and placed him with the Commissioner of Social Services of the City of New York for a period of 18 months. On or about September 13, 1985, the Commissioner filed a petition to extend placement. A "summons for personal service" was issued and a hearing was scheduled for September 30, 1985. The respondent natural mother was notified by mail of the hearing, but did not appear. The Family Court then adjourned the proceeding until October 23, 1985, and issued another "summons for personal service". The Commissioner unsuccessfully attempted to personally service the respondent at the women's shelter where she was residing. The respondent, however, was apparently notified of the October 23, 1985 hearing by mailgram, but failed to appear.

The Family Court then authorized substituted "nail and mail" service upon the respondent at the women's shelter, and adjourned the proceeding until October 31, 1985. At the hearing on October 31, 1985, counsel for the Commissioner explained that its process server had mistakenly again unsuccessfully attempted personal service upon the respondent at the women's shelter, rather than effecting substituted "nail and mail" service, as directed. The respondent, however, was orally informed of the hearing on this date by the social worker assigned to the case of this neglected child, but she failed to appear.

The counsel for the Commissioner asked for an order temporarily extending the initial order of placement which was to expire on November 1, 1985, so that "nail and mail" service upon the respondent could be properly effected. The counsel also brought to the court's attention the existence of a proceeding pending against the respondent to terminate her parental rights. The court declined to make an order temporarily extending placement on the ground that the confusion

of the process server did not constitute a valid excuse. The court then held a brief "best interests" hearing, after which it "discharged" Lindsay W. to the Commissioner, and, in effect, dismissed the proceeding.

Pending the final determination of a petition to extend placement, the Family Court may enter a temporary order extending the placement for a period not to exceed 30 days, renewable for additional periods of 30 days, upon a showing of "good cause" (Family Ct Act § 1055 [b] [iv]). In this case, there was a clear showing of "good cause", and it was an abuse of discretion for the Family Court not to grant an order temporarily extending placement as requested by the Commissioner. The Commissioner had made good-faith attempts to notify the respondent of the several scheduled hearings. The misunderstanding by the process server concerning the type of service to be made for the October 31, 1985 hearing was excusable under the circumstances of this case.

Moreover, the respondent would not have been unfairly prejudiced by a temporary extension since she was notified orally of the October 31, 1985 hearing date, but declined to appear. Further, a temporary extension was particularly appropriate in this case, to allow for a conclusion of the pending proceeding for termination of parental rights so as to avoid unnecessary "procedural snarl[s]", and facilitate a more intelligent and just determination (see, Matter of Belinda B., 114 AD2d 70, 76-77; Matter of Commissioner of Social Servs. v Rapp, 127 Misc 2d 835, 841-842).

While the Family Court erred in declining to issue a temporary order of extension of placement, the Commissioner's entitlement to an extension for the full one-year period, pursuant to Family Court Act § 1055 (b) (i), is affected by the failure to have timely filed the extension petition. The filing on September 13, 1985 was only 49 days prior to expiration of the original placement order on November 1, 1985, rather than the "at least sixty days" required by Family Court Act § 1055 (b) (i). On remittitur, the Family Court must hold a hearing to determine if the Commissioner's lateness of 11 days in filing the petition was for "good cause" (see, Family Ct Act § 1055 [b] [i]; Matter of Frederick W., 120 Misc 2d 335, 340, 343). If there was not good cause, then the petition must be dismissed, or converted into a de novo neglect petition (see, Matter of Changa W., 123 AD2d 435; Matter of Susan F., 59 AD2d 783, 784; Matter of Frederick W., supra, at 340). On the other hand, if there was "good cause" for the lateness, then the court must hold a further hearing to determine, on the

merits, whether an extension of placement is warranted in the best interests of the child *(Matter of Belinda B., supra,* at 75-76; *Matter of John M.,* 78 AD2d 1006). Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.