■ In the Matter of PAUL S., Alleged to be a Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANN S., Appellant.—Weiss, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered January 15, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the placement of respondent's son with petitioner for a period of 12 months.

Respondent's son, now age 16 and the subject of the instant proceeding for extension of placement with petitioner, was first adjudicated a neglected child in 1976 and has continually remained in the custody of petitioner through repeated placement extensions. Following a hearing on December 15, 1986, petitioner's application for an additional 12-month placement was granted, extending through to December 10, 1987. Respondent now appeals from that determination.

We affirm. To justify the further extension, petitioner was required "to establish either the continued unfitness of the parents *or* that return of the child would likely result in physical or psychological harm" *(Matter of Faith Z.,* 92 AD2d 990, *lv denied* 59 NY2d 601; emphasis supplied). The record shows that respondent's son is a legally blind and multihandicapped child, with only nursery school level skills. He has been a student at the New York State School for the Blind in Batavia since the age of six and presently resides there, returning home on weekends and vacation periods. Family Court essentially determined that it would be in the child's best interest to remain in petitioner's custody to ensure the continuity of specialized care and education available at the school. We find ample basis in the record to support this conclusion. The medical social worker at the school testified that the child was often agitated following a home visit, and that returning home from school each day would prove disruptive to his educational and emotional development. This witness further opined that respondent has difficulty dealing with her son in a consistent, age-appropriate manner. There was further testimony that respondent has difficulty disciplining her son. An extension of placement rests within Family

Court's discretion (Family Ct Act § 1055 [b] [i]; *see, Matter of Sunshine A. Y.,* 88 AD2d 662, 663), and while recognizing respondent's good-faith intentions, we find no reason to alter the determination reached.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.