■ In the Matter of CHARLES BB., Alleged to be a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLOS BB. et al., Respondents. STEVEN H. KURLANDER, as Law Guardian for CHARLES BB., Appellant.—Crew III, J.

On April 25, 1988, Charles BB. was adjudicated a neglected child and placed with petitioner for a period of 18 months. He was then placed in Brookside School, a residential facility in Great Barrington, Massachusetts. In this proceeding, petitioner sought an extension of the placement for a period of up to one year pursuant to Family Court Act article 10 alleging, *inter alia,* that both parents were incarcerated. Family Court directed the school to submit an updated mental health evaluation along with behavioral and educational progress reports. Following the extension of placement hearing, Family Court granted the petition. A fact finding and dispositional order containing the terms and conditions of the extension of placement was entered. The Law Guardian for the infant has appealed.

Initially, we reject petitioner's argument that this appeal should be dismissed as moot because the infant was allegedly discharged from the residential facility on January 24, 1991. As far as the record reveals, the infant is still in the custody of petitioner and our decision will, therefore, affect the rights of the parties; consequently, the appeal will not be deemed moot *(cf., Marotta v Village of Keeseville,* 170 AD2d 862, 863). We also reject petitioner's claim that the appeal should be

dismissed because of the procedural defect caused by the premature filing of the notice of appeal before entry of the order from which the appeal has been taken. We note that it was petitioner who failed to timely prepare the order as directed by Family Court and we deem it inappropriate for petitioner to now use its delay as a basis for dismissing the Law Guardian's appeal. In the exercise of our discretion and in the interest of justice, we will treat the premature notice of appeal as valid and address the merits (see, Family Ct Act § 1118; CPLR 5520 [c]; *Spano v County of Onondaga,* 170 AD2d 974, *lv denied* 77 NY2d 809, *lv dismissed* 77 NY2d 989).

Turning to the merits, we find Family Court's decision fully supported by the evidence. Sufficient documents were before the court to support the determination directing custody to be continued in petitioner. Specifically, a September 24, 1990 clinical update from a licensed social worker at Brookside School reflected two serious negative incidents in which the infant caused $5,000 in damage to a school van and threatened to injure himself with a piece of glass. The report indicated that the infant still required considerable structure in order to make further progress. In addition, testimony at the hearing showed that negative and disruptive behavior had been exhibited by the infant in several other incidents during the summer and autumn of 1990. Such incidents were also described in several written reports by Brookside School supervisory personnel and they support the determination that the infant remain in placement at Brookside School (see, *Matter of Paul S. [Chemung County Dept. of Social Servs.— Ann S.],* 138 AD2d 834).

Finally, we find the contention that Family Court erred in failing to review less restrictive alternatives to the infant's continued placement in a residential facility to be without merit.

Mikoll, J. P., Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.