OPINION OF THE COURT
William P. Warren, J.
On August 30, 1994 Nina Ruskin, as Law Guardian for E. L., filed an affirmation in support of an order to show cause seeking an order directing that the Department of Social Services be stayed from discharging E. L. from its custody. The matter was scheduled for September 9 and on September 6, 1994 an affirmation in opposition was submitted by Barbara Wilmit, an Assistant County Attorney, representing the Commissioner of Social Services. The underlying facts surrounding this application are set forth hereinafter.
E. L. was born on May 3, 1975 and is now 19 years old. On May 22, 1992 a neglect petition was filed in this court against J. and L. L., parents of E. L., alleging that she was neglected as a result of beatings she received from them. On July 10, 1992 an order was entered pursuant to Family Court Act § 1051 (a) upon the consent of all parties finding that the child, E. L., was a neglected child. On that date the child was placed in the custody of the Commissioner of Social Services for a period of one year pursuant to Family Court Act § 1055. No further proceedings in this court were had with regard to this case until the instant application.
On July 10, 1993 the order placing the child in the custody of the Department of Social Services expired. No application was ever made to extend that order. The child remained in the care and custody of the Department of Social Services and was placed at an independent living group home. She has had virtually no contact with her parents since the summer of 1992.
A hearing was conducted on September 9. The testimony indicated that a plan had been developed with E. L. for her to attend college. Initially, she had chosen to attend Sullivan Community College because it offered her residential housing. Then, in mid-July 1994 she changed her plan to attend Rockland Community College and the staff helped her in this endeavor. She is presently in the process of looking for housing so that she can reside outside of the group home, attend college, and also work. The Department believes that she should be discharged from the facility because her behavior has been disruptive in the home.
*709 The first issue for the court to address is whether it has jurisdiction to proceed in this matter. The Department of Social Services moves to dismiss the proceeding upon the ground that this court no longer has jurisdiction since the child is over 18 years old. The Law Guardian disagrees with this position and opposes the application.
The memoranda of law submitted on behalf of the Commissioner of Social Services refers this court to section 392 of the Social Services Law which section defines a "child” as "a child under the age of eighteen years for whom an authorized agency is providing foster care.” In support of the argument advanced on behalf of the Commissioner of Social Services, two cases are cited, Matter of Guy (150 Misc 2d 686) and Matter of Carmelo R. (138 Misc 2d 53). Both of these cases involved placements of children in foster care, however, neither involved neglected children. Social Services Law § 392 was the statute governing those proceedings. This court finds that neither of those cases is applicable to the instant situation.
The child involved in this proceeding was adjudicated a neglected child on July 10, 1992. Family Court Act article 10 contains a definition for a "neglected child” and also a definition for a "child.” While a neglected child is defined as a child less than 18 years of age, the definition of a "child” is "any person or persons alleged to have been abused or neglected, whichever the case may be” (Family Ct Act § 1012 [b], [f]). When a placement is made by the Family Court, section 1055 of the Family Court Act governs. That section uses the term "child” throughout. Further, it specifically contains the following language in section 1055 (e): "No placement may be made or continued under this section beyond the child’s eighteenth birthday without his consent and in no event past his twenty-first birthday.” It is clear from the language used in this section that the act contemplates placements beyond a child’s eighteenth birthday.
Section 392 of the Social Services Law, which the Commissioner’s counsel refers to in her argument, specifically excludes placements made pursuant to article 10 of the Family Court Act. Therein it is provided as follows: " 'child’ shall mean a child under the age of eighteen years for whom an authorized agency is providing foster care, except a child who is in the care of an authorized agency pursuant to court order under article seven, three or ten of the family court act. ” (See, *710 Social Services Law § 392 [1] [b] [emphasis added].) Both of the cases cited to this court by the counsel for the Commissioner dealt with situations where children had been placed in a way other than through article 10 of the Family Court Act. Consequently, that statute and those decisions construing it are not applicable to the situation at bar.
The Law Guardian points this court to section 1052 (b) (i) (B) which provides as follows:
"(b) (i) The order of the court shall state the grounds for any disposition made under this section. If the court places the child in accord with section one thousand fifty-five of this part, the court in its order shall determine: * * *
"(B) if the child has attained the age of sixteen, the services needed, if any, to assist the child to make the transition from foster care to independent living.”
This language is evidence of a legislative intent to have the Family Court review and consider in its disposition how to assist the child in transitioning from foster care to independent living.
Family Court Act § 1058 is also applicable to the instant situation. It requires the filing of a report to the court, the parties and the child’s Law Guardian, at least 60 days prior to the expiration of an order of disposition, outlining the status and location of the child and family and any actions taken or contemplated by such agency with respect to such child and family. No report was ever filed in this case. Lastly, Family Court Act § 1055 directs that a petition seeking to extend the placement of a child shall be filed at least 60 days prior to the expiration of the period of placement, except for good cause shown.
The Department of Social Services was required under article 10 of the Family Court Act to file a petition to extend placement of this child at least 60 days prior to July 10, 1993 when the initial placement expired. Alternatively, if the Department had determined not to continue placement beyond that date, they would have been required to file a report to the court pursuant to section 1058 of the Family Court Act. Section 1052 of the Family Court Act makes clear the legislative intention that the court be involved and consider the services needed to assist children to make the transition from foster care to independent living whenever a child has attained the age of 16 years. The entire statutory scheme of article 10 clearly demonstrates that the Family Court has *711 jurisdiction over neglected children, beyond the age of 18 who are in placement and who consent to that placement in order to assure that services are being provided which can assist these children in making the transition from foster care to independent living.
While there is considerable case law regarding the failure of the Department of Social Services to file timely petitions to extend placement (see, Matter of Changa W., 123 AD2d 435; Matter of Lindsay W., 129 AD2d 800; Matter of Frederick W., 120 Misc 2d 335) they invariably involve situations where the Department of Social Services seeks to file a petition extending placement but is late in doing so. However, in this situation the Department never filed a petition and is not seeking to do so now. In that sense, this case appears to be one of first impression.
The Department’s failure to comply with the statute does not divest this court of jurisdiction to assure compliance with the clearly stated legislative intent. This court has jurisdiction to extend placement of neglected children with the Commissioner of Social Services beyond their eighteenth birthday and the Commissioner has no authority to continue a child in placement without court approval when the initial placement was made under article 10 of the Family Court Act. The Department cannot assert a lack of jurisdiction which comes about solely as a result of its own failure to comply with section 1055 or section 1058 of the Family Court Act. It neither filed a petition to extend placement 60 days prior to July 10, 1993 nor did it file the report required by section 1058 of the Family Court Act. It cannot now argue that since it did not file to extend placement, this court is divested of jurisdiction. Where the Department fails to comply with the statute and such actions work to the detriment of the child, the court cannot countenance such action.
The remedy for this situation is derived from the principles set forth by the Appellate Division in Matter of Changa W. (123 AD2d 435) where the Court stated: "While we agree that the Commissioner’s claimed excuse did not constitute good cause for the failure to file the petitions for extension of placement in a timely fashion, under the circumstances, and in order that the best interests of the children be fully protected, rather than dismissing the petitions outright, the Family Court should have converted them into de nova neglect petitions (see, Family Ct Act § 1031 et seq.), and promptly conducted a plenary hearing”. (Matter of Changa W., *712 supra, at 436.) Family Court Act § 1055 (b) (i) requires petitions to extend placement to be filed at least 60 days prior to the expiration of the placement period. However, it allows exceptions to this requirement "for good cause shown.”
Clearly, there is a need for a hearing to determine if the Department’s attempt to discharge this child from foster care is in her best interests. Further, this court believes that there is good cause for the failure of the Commissioner to file a petition to extend placement since the petitioner’s counsel was operating on the belief, albeit a mistaken one, that no petition was necessary since the child had reached the age of 18 years. Consequently, the court, pursuant to its authority under Family Court Act § 255, directs the Commissioner of Social Services to file extension of placement petitions and/or a report to the court pursuant to Family Court Act § 1058, for the period of time from July 10, 1993 to the present. Those petitions and/or reports shall be filed in the court by November 9, 1994 and delivered to the Law Guardian on that date.
For the foregoing reasons this court denies the application to dismiss the proceeding upon the ground of no jurisdiction and directs that the matter continue on the 16th day of November at 9:30 a.m. for further proceedings.