■ In the Matter of PATRICIA N. and Another, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ELSIE P. et al., Respondents. [657 NYS2d 124] —Crew III, J. Appeal from an order of the Family Court of Otsego County (Pines, J.), entered May 29, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the placement of respondents' child Patricia N. with petitioner for a period of 12 months.

Petitioner commenced this proceeding in April 1995 alleging, inter alia, that respondents failed to seek prompt medical attention for their daughter, Patricia N. Respondents ultimately entered an admission to this particular allegation and Patricia was placed in petitioner's custody for a six-month period, during which time respondents were granted visitation and were provided with a parent aide and homemaker.[1] Thereafter, in March 1996, petitioner applied for an extension of placement contending, inter alia, that respondents had made minimal progress in caring for their daughter. At the conclu-

---

1. The petition, insofar as it related to Patricia's brother, was dismissed.

sion of the hearing that followed, at which petitioner's caseworker, parent aide and homemaker and respondent Elsie P. appeared and testified, Family Court denied petitioner's request for an extension of placement, finding that it was in the child's best interest to be returned to her parents. Family Court also ordered that continued in-home parenting and homemaking services be provided by the Delaware County Department of Social Services.[2] This appeal by petitioner ensued.[3]

We affirm. "On an application to extend placement of a neglected child, the burden is on the petitioning Department of Social Services to establish either the continued unfitness of the parents or that return of the child would likely result in physical or psychological harm" (*Matter of Faith Z.*, 92 AD2d 990, *lv denied* 59 NY2d 601 [citations omitted]; *see, Matter of Paul S.*, 138 AD2d 834). This petitioner failed to do. To be sure, the record makes clear that respondents still are in need of parenting and homemaking services. The record also reflects, however, that respondents are now more aware of Patricia's nutritional needs and have made progress in providing appropriate care and support for her. Additionally, although there was testimony that respondents did not fully comply with petitioner's service plan, the record indicates that this was due, in part, to a severe personality conflict between petitioner's caseworker and respondents. Further, inasmuch as respondents cared for Patricia's brother without incident during the time that Patricia was in placement, we cannot say that Family Court erred in concluding that Patricia would not be at risk of neglect if she was returned to respondents.

Accordingly, after reviewing the record and giving due consideration to the relevant statutory factors (*see*, Family Ct Act § 1055 [b] [iv] [A], [B]), we are of the view that petitioner did not meet its burden of establishing, by a fair preponderance of the evidence, that respondents were unable to care for Patricia and that continued placement would be in her best interest (*see, Matter of William G.*, 233 AD2d 702, 703-704). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

2. Although petitioner initiated this proceeding in Otsego County, respondents and their children were residing in Delaware County at the time of the hearing.

3. Petitioner's request for a stay pending appeal was denied.