OPINION OF THE COURT
Sandra B. Edlitz, J.
In this neglect proceeding, on April 10, 1997 the parties consented to an adjudication of neglect with supervision of the respondent and the subject child by the Westchester County Department of Social Services (DSS) for a period of one year, from March 3, 1997 through March 3, 1998.
*531 On January 21, 1998, 41 days before the period of supervision was to expire, DSS filed a petition for extension of supervision. Respondent moved to dismiss. Respondent’s motion raises the issue of whether the filing time requirements applicable to extensions of placement also apply to extensions of supervision. The matter was heard on March 11, 1998. Respondent’s counsel made a motion to dismiss the petition as untimely filed, in that it was not filed at least 60 days prior to the expiration of the order of supervision. In support of that proposition, counsel cited section 1055 (b) (i) of the Family Court Act which provides time limitations regarding extensions of placement. The Assistant County Attorney for the petitioner argued that the section of the law cited by respondent’s counsel is inapplicable to this case, and that even if it were to be applied, petitioner had “good cause” for the delay in filing the petition in that DSS had been attempting to work with the family, and that a petition was not filed earlier due to a clerical error. The application by respondent’s counsel was denied for the following reasons.
Under article 10 of the Family Court Act, which governs neglect cases, there are two sections regarding supervision, sections 1054 and 1057. Under section 1054 (a) of the Family Court Act, “[i]f the order of disposition releases the child to the custody of his parent or other person legally responsible for his care at the time of the filing of the petition, the court may place the person to whose custody the child is released under supervision of a child protective agency”.
Family Court Act § 1057 contains provisions concerning supervision over the respondent parent. Uniform Rules for Trial Courts (22 NYCRR) § 205.83 (b) provides for the terms and conditions a respondent must follow with respect to an order pursuant to either section 1054 or section 1057 of the Family Court Act. Uniform Rules for Trial Courts (22 NYCRR) § 205.83 (c) provides for additional mandatory and discretionary acts on the part of the court where such an order has been made. Nowhere in the statutes or in the court rules is there mention of a specific time frame within which a petition for extension of supervision must be filed.
Unlike cases involving extensions of supervision, extensions of placement do have a time requirement within which petitions must be filed. The 60-day requirement respondent’s counsel cited is pursuant to section 1055 (b) (i), which governs the placement of children, and provides that “[a] petition to extend a placement accompanied by supporting affidavits or *532 reports shall be filed at least sixty days prior to the expiration of the period of placement, except for good cause shown.” The legislative history indicates that the purpose of the amendment to the statute was to set precise time limits for the filing of petitions to extend placements in order to make the question of lapsed court jurisdiction less likely to arise. (See, NY Assembly 1981 Comm Bill Mem to 1981 NY Assembly Bill A 7510.) This measure was introduced at the request of the State of New York Office of Court Administration to clarify the procedure in an application for an extension of an order of placement entered in a neglect or child abuse proceeding in that then existing law did not adequately define the procedural steps to be followed. (See, Mem of Off of Ct Admin, 1982 McKinney’s Session Laws of NY, at 2671.)
Two reasons commonly found in the case law for late filings for extensions of placement are clerical error or changed circumstances of the family involved. Failure to show “good cause” for the late filing results in the dismissal of the petitions as untimely filed. (Matter of Frederick W., 120 Misc 2d 335, 340.) In Matter of Frederick W., the court scheduled a hearing to give the petitioner an opportunity to present particulars as to the nature of the clerical error which caused the late filing.
Good guidance has been provided in the Supplementary Practice Commentaries in which it is stated that “[a]s suggested by the court’s handling of the Frederick W. case, the judicial response to claims that the late filing resulted from ‘clerical error’ should depend on the nature and cause of the error. Subject to the inability to make an extension nunc pro tunc, courts should be relatively liberal in finding good cause when the error appears to be an isolated event or the result of an atypical failure of administrative controls. For, the purpose of the statute is to remediate administrative practices and the short delay involved does not cause a real infringement of parental rights (especially when compared to the potentially adverse impact the termination of placement could have on the child).” (Besharov, 1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1055, 1998 Pocket Part, at 291.) If there are systematically poor administrative practices resulting in late filings, the court can dismiss the petition, or provide for a remedial order under Family Court Act § 255.
Where a court finds that the proffered excuse does not constitute “good cause”, in order that the best interests of the child are fully protected it has been held that rather than *533 dismissing the petitions outright, the Family Court should have converted them into de novo neglect petitions and conducted a plenary hearing “at which the parent’s present inability to care for her children would be required to be proven”. (Matter of Changa W., 123 AD2d 435, 436.) In a case where no reports or petitions have been filed, the court, in an appropriate case, can direct the Commissioner of Social Services to file a report or petitions. (See, Ruskin v Rockland County Dept. of Social Servs., 162 Misc 2d 707, 712; Family Ct Act §§ 255, 1058.) Where “good cause” is shown for the lateness of filing, then the court must hold a hearing to determine, on the merits, whether an extension of placement is warranted in the best interests of the child. (Matter of Lindsay W., 129 AD2d 800, 802-803.)
The Legislature has not provided for a time period within which extensions of supervision must be filed, and the legislative history does not provide any guidance with respect to whether such an omission was planned, or not. Accordingly, respondent’s application must be denied on that basis alone. It may be that since an extension of placement is more restrictive than an extension of supervision, a lapse because of untimely filing would be more serious, and thus the Legislature saw fit to provide more exacting procedural requirements. It would be preferable if the Legislature would enact an amended statute which would provide filing time requirements for extensions of supervision as well, since a lapse in time, in certain cases, could be equally problematic for children and their families. Moreover, even if the statutory sections with regard to extensions of placement, and the accompanying court rules and case law are applied to the instant case, by analogy, it is the finding of this court that this was an isolated incident of late filing, and that there was “good cause” for the late filing.
Accordingly, the motion to dismiss is denied.