■ In the Matter of COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant. MARCEL A. et al., Respondents. [679 NYS2d 82] —In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services of the City of New York appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Segal, J.), entered July 24, 1997, as, after a hearing, dismissed the petition for an extension of placement, released the children Julian A. and Michelle A. to the custody of their parents, and directed unsupervised and/or weekend visitation between the parents and the child Marc A.

Ordered that the order is affirmed insofar as appealed from, without costs and disbursements.

A petition for an extension of foster-care placement is governed by Family Court Act § 1055, which gives the court discretion to order successive extensions of 12 months each (see, Family Ct Act § 1055 [b] [i]). In order to extend the placement, the petitioner must establish, by a preponderance of evidence, that the parents are presently unable to care for their

children and that the continuation of foster care is in the children's best interests (see, Matter of Belinda B., 114 AD2d 70; Matter of Antonelli v Department of Social Servs., 155 AD2d 598; Matter of Kenneth G., 39 AD2d 709).

In this case, the petitioner failed to meet that burden. After a six-day hearing, the Family Court concluded that the respondents were loving parents who had benefited from several years of therapy and parent training. Although the children had been diagnosed with various developmental and psychological problems, the testimony of several mental health professionals who had worked closely with the family established that the parents could provide the necessary care. The Family Court's determination is entitled to great deference since that court had the advantage of viewing the witnesses and assessing their credibility (see, Matter of Sunshine A. Y., 88 AD2d 662). We find the court's determination was supported by the record. Moreover, the fact that the parents may still need some social services does not preclude them from regaining custody of their children (see, Matter of Patricia N., 239 AD2d 622). O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.