■ In the Matter of GLENN B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. OESHA H., Respondent. (Proceeding No. 1.) In the Matter of SHATEREA B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. OESHA H., Respondent. (Proceeding No. 2.) [756 NYS2d 599] —In two related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), entered July 16, 2002, as, after a hearing and incorporating a decision of the same court, dated April 22, 2002, denied the application to change the permanency goals of the children, Shaterea B. and Glenn B., to "free for adoption," directed it to engage in reasonable efforts to strengthen the parental relationship, and directed certain visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A petition for an extension of foster care placement in accordance with a permanency plan for a child is governed by Family Court Act § 1055, which gives the court discretion to order successive extensions of up to one year each and requires a determination on whether an extension is inconsistent with the permanency plan established for the child (see Family Ct Act § 1055 [b] [i], [iv] [A], [B]). To extend the placement, the petitioner must establish, by a preponderance of the evidence, that the parent is not presently able to care for his or her children and that the continuation of foster care is in the children's best interests (see Matter of Belinda B., 114 AD2d 70, 73 [1986]). "[A]n overarching consideration always obtains for children to be returned to biological parents, if at all possible and responsible * * * When that cannot be done, the emphasis shifts to securing permanent, stable solutions and settings" (Matter of Dale P., 84 NY2d 72, 77 [1994] [citation omitted]).

In this case, the petitioner failed to meet its burden of establishing, by a preponderance of the evidence, that the continuation of foster care and a plan of "free for adoption" was in the children's best interests. The hearing evidence established that although the respondent mother was presently incarcerated and was expected to be released by February 2, 2003, she had actively participated in the drug treatment programs provided to her and had earned her GED. The mother had also made efforts to maintain contact with the children. In addition, it was demonstrated at the hearing that both chil-

dren, who suffer from psychiatric problems, would benefit from being together, yet they resided in separate foster homes. Moreover, the Suffolk County Department of Social Services had failed to place the children in suitable pre-adoptive homes. These facts support the Family Court's determination (*see Matter of Marcel A.,* 254 AD2d 416, 417 [1998]). Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.