In the Matter of VANESSA Z., an Infant. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOSEPH Z., Respondent. [761 NYS2d 424] —Appeal from an order of Family Court, Monroe County (Kohout, J.), entered August 14, 2002, which dismissed the petition to extend placement of Vanessa Z. in foster care.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: In this proceeding commenced pursuant to Family Ct Act § 1055 for an extension of foster care placement, petitioner appeals from an order dismissing the petition on the grounds that it was not timely filed and that petitioner failed to prove, inter alia, that the child's parents were presently unable to care for the child. We reverse and grant the petition.

Pursuant to Family Ct Act § 1055 (b) (i), a petition to extend placement must be filed at least 60 days in advance of the expiration date of the period of placement unless there is good cause shown for the delay. In this case, the petition was filed four days late, and petitioner did not show good cause for the delay. When good cause for the delay is not shown, a court may dismiss the petition or may, "in order that the best interests of the children be fully protected," treat the petition as a de novo neglect petition (*Matter of Changa W.,* 123 AD2d 435, 436 [1986]; *see Matter of Lindsay W.,* 129 AD2d 800, 802 [1987]; *Matter of Susan F.,* 59 AD2d 783 [1977]). A de novo neglect petition is not an available option in this case, however, because the child is over 18 years of age. Nevertheless, because of the potentially adverse impact that the termination of placement

would have on the child in this case, we conclude that the petition should not have been dismissed. The brief delay involved here did not cause an infringement of parental rights, particularly when compared to the potentially adverse impact that the termination of placement could have on the child (*see* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Fam Ct Act § 1055, at 268).

Family Court further erred in determining on the merits that petitioner failed to prove, inter alia, that the parents were presently unable to care for the child. In order to establish the need for continued placement, the agency must establish both that such continued placement is in the child's best interests and that the parents are presently unable to care for the child (*see e.g. Matter of Glenn B.*, 303 AD2d 498 [2003]; *Matter of Kevin R.*, 251 AD2d 1022, 1024 [1998]; *Matter of Nassar v Santmire*, 99 AD2d 377, 380 [1984]). Here, petitioner established that the best interests of the child would be served by her continued placement in foster care and that her parents are presently unable to care for her. Petitioner presented testimony establishing that neither parent attended two case review conferences, the child's father has continued to refuse to obtain a mental health evaluation or to attend men's group counseling sessions, and the child's mother has refused to participate in counseling, as provided for in the child services plan. We therefore conclude that the petition must be granted. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Gorski, JJ.