■ In the Matter of SAL D., JR., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. IN THE MATTER OF PHILIP D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 2.) In the Matter of IGNAZIA D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 3.) In the Matter of FRANCESCA D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 4.) In the Matter of ANTOINETTE D., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE D., Appellant. (Proceeding No. 5.) [762 NYS2d 267] —In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), entered January 16, 2003, as, upon a determination of the same court dated December 19, 2002, made after a hearing, extended the placement of his children with the Suffolk County Commissioner of Social Services until December 18, 2003, and granted those branches of the Law Guardian's motion which were to change the permanency plan for Philip D. to placement for adoption and the permanency plan for Sal D., Jr., to discharge to independent living.

Ordered that the order is modified, on the law, by deleting the provisions extending the placement of the children

Francesca D. and Antoinette D. with the Suffolk County Commissioner of Social Services until December 18, 2003, in light of our determination in *Matter of Sal D., Jr.* (307 AD2d 261 [2003] [decided herewith]); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"A petition for an extension of foster-care placement is governed by Family Court Act § 1055, which gives the court discretion to order successive extensions of 12 months each" (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.]*, 254 AD2d 416 [1998]. It is the petitioner's burden to establish, by a preponderance of the evidence, that the parents are presently unable to care for their children and that the continuation of foster care is in the best interest of the children (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y. [Marcel A.], supra*).

Here, the petitioner established that the continuation in foster care of the children Sal D., Jr., Philip D., and Ignazia D., is in their best interests.

The father's remaining contentions are without merit. Florio, J.P., Smith, H. Miller and Adams, JJ., concur.