■ In the Matter of JAILEEN T. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLORIA T., Respondent. LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., LAW GUARDIAN BUREAU, Nonparty Appellant. [818 NYS2d 235]—

In a child protective proceeding pursuant to Family Court Act article 10, the Law Guardian appeals from an order of the Family Court, Suffolk County (Blass, J.), dated December 6, 2005, which, after a hearing, denied its motion to direct the mother to submit to a hair follicle drug test and a forensic psychological parenting evaluation, and for an extension of foster care placement, and released the child to the custody of the mother. By decision and order on motion dated December 20, 2005, enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the motion is granted, and the child shall remain in foster care until September 1, 2006.

Upon the Law Guardian's motion, the Family Court held a hearing pursuant to Family Ct Act former § 1055 to consider an extension of foster care placement for the child Jaileen T., who was previously adjudged to be a derivatively neglected child on the basis of, inter alia, her mother's neglect of at least seven older siblings. As part of its motion for an extension of foster care placement, the Law Guardian also requested that the mother submit to a forensic psychological parenting evaluation and a hair follicle drug test. After the hearing, the Family Court denied the Law Guardian's motion in its entirety. The Family Court concluded that the Law Guardian failed to prove that an extension of foster care placement was warranted and it directed the immediate return of the child to her mother. We reverse and grant the Law Guardian's motion.

To extend foster care placement under Family Ct Act former § 1055, the Law Guardian was required to establish, by a preponderance of the evidence, that the mother is presently unable to care for the child and that the continuation of foster care is in the child's best interests (see Matter of Sal D., 307 AD2d 263, 264 [2003]; Matter of Vanessa Z., 307 AD2d 755, 756 [2003]; Matter of Glenn B., 303 AD2d 498 [2003]; Matter of Commissioner of Admin. for Children's Servs. of City of N.Y., 254 AD2d 416, 416-417 [1998]). The Law Guardian in the instant case met the burden of proof on this issue. The Law Guardian presented testimony establishing that the mother missed a significant number of visits with the child since September 2004. Moreover, the mother testified that she was

currently unemployed and her caseworkers testified that she had moved five times since the prior permanency hearing. On this record, the mother failed to secure stable housing and employment as required by her service plan with the Suffolk County Department of Social Services.

Under the circumstances of this case, the Law Guardian established that there is a risk of neglect if the child is returned to her mother at this time. Thus, an extension of foster care placement is warranted and accordingly, we direct that Jaileen T. shall remain in foster care until September 1, 2006. However, the goal of reunifying Jaileen T. with her mother remains a viable one. In the interim, the Suffolk County Department of Social Services should work closely with the mother and make reasonable efforts to ensure that the child is returned to her. Given the mother's troubled history, and despite her present inability to care for Jaileen, the record shows that she has made substantial progress over the last two years. She has completed a parenting skills training program, has regularly attended therapy, and was discharged from therapy with her treatment goals completed. Moreover, the mother has maintained constant contact with her caseworkers, and notified them each time she could not attend a visit with her child. Despite the frequency of missed visits, the record discloses an emotional bond between mother and daughter as well as the mother's willingness to become a more responsible parent.

In light of the above, although the child will remain in foster care until September 1, 2006, the mother should get increased visitation with her child in order to strengthen their bond, to reinforce the child's familiarity with her mother, and to facilitate an easier transition for their reunification. The mother shall also submit to a hair follicle drug test and a forensic psychological parenting evaluation in order to aid in an appropriate assessment of whether the child's placement shall be continued in the future.

Motion by the petitioner-respondent on an appeal from an order of the Family Court, Suffolk County, dated December 6, 2005, to strike portions of the appellant's brief and to strike the appendix on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated March 27, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is ordered that the motion is denied. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.