■ In the Matter of ZAKKARIYYA D. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SATARI D., Respondent; FRANKLYN ROWE et al., Intervenors-Appellants. [822 NYS2d 85]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, and the intervenors separately appeal, from (1) an order of the Family Court, Suffolk County (Lehman, J.), entered December 15, 2005, which, inter alia, dismissed the petition, and (2) an order of the same court, also entered December 15, 2005, which, inter alia, ordered the child, Zakkariyya D., returned to her mother under the supervision of

the petitioner for a period of one year. By decision and order on motion dated February 3, 2006, this Court, among other things, granted that branch of the petitioner's motion which was to stay enforcement of the orders pending hearing and determination of the appeals.

Ordered that the orders are affirmed, without costs or disbursements, and upon expiration of the stay of enforcement of the orders pursuant to CPLR 5519 (e), the child, Zakkariyya D., shall be returned to her mother under the supervision of the petitioner for a period of one year.

The petitioner did not meet its burden of establishing by a preponderance of the evidence that the mother was presently unable to care for the subject child and that the continuation of foster care was in the child's best interests (*see Matter of Sal D.,* 307 AD2d 261, 262 [2003]; *Matter of Glenn B.,* 303 AD2d 498 [2003]). The evidence adduced at the hearing indicated that the mother was able to take care of the children in her custody (*see Matter of Patricia N.,* 239 AD2d 622 [1997]). Children should be returned to their biological parents if at all possible and if it is responsible to do so (*see Matter of Dale P.,* 84 NY2d 72, 77 [1994]). The Family Court's determination was supported by the record, and we decline to disturb it on appellate review.

The intervenors' remaining contentions are without merit. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.