■ In the Matter of NATASHA RR., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MALISSA SS., Appellant. [839 NYS2d 623]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered May 15, 2006, which

granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the placement of respondent's child.

Natasha RR. (born in 2002) is the daughter of respondent and Wayne RR.* The child was removed from the parents' home in August 2003 based on allegations of neglect. She was placed in foster care, various proceedings followed and, in August 2004, the parents voluntarily agreed to extend the placement for one year. In August 2005, petitioner filed the petition at issue herein to extend placement. Respondent opposed the petition and a hearing ensued, after which Family Court ordered the child's placement extended and further determined that "the permanency plan should be changed, as requested by the law guardian, to free the child for adoption." Respondent appeals.

On an application to extend placement, the petitioner bears the burden of showing by a preponderance of the evidence that the respondent is presently unable to care for the child and that continued foster care is in the child's best interests (*see Matter of Patricia N.*, 239 AD2d 622, 623 [1997]; *see also Matter of Zakkariyya D.*, 32 AD3d 936, 937 [2006], *lv denied* 8 NY3d 805 [2007]). "[A]n overarching consideration always obtains for children to be returned to biological parents, if at all possible and responsible" (*Matter of Dale P.*, 84 NY2d 72, 77 [1994]; *see Matter of Zakkariyya D., supra* at 937). The fact that ongoing assistance may be necessary from social services or other providers for a parent to regain custody does not foreclose the return of a child to a biological parent (*see Matter of Commissioner of Admin. for Children's Servs. of City of N.Y.*, 254 AD2d 416, 417 [1998]); *Matter of Patricia N., supra* at 623). Pertinent concerns under such circumstances include, among others, the extent of services needed and the availability of such services, as well as the parent's willingness and ability to recognize a need for help and otherwise cooperate with indicated services.

Respondent and Wayne RR. have intellectual limitations, but both parents were fully cooperative with petitioner and displayed significant efforts to avail themselves of many relevant services, programs and assistance. There was considerable evidence indicating that they might be able to adequately raise the child with support services. However, Family Court did not discuss or weigh the evidence regarding the various available services and whether the child could be adequately cared for with such services. Instead, its decision to extend placement and change the permanency plan appears to have been premised,

---

* Wayne RR. was involved in an earlier appeal regarding the child (*Matter of Natasha RR.*, 27 AD3d 788 [2006]).

in significant part, upon its finding that the parents are "incapable of independently providing proper and adequate care for the child." While Family Court's factual finding regarding an inability to independently provide care is supported by the record, an incorrect legal standard was applied since a parent does not have to function in a totally independent fashion to be reunited with a child. The evidence as to whether these parents can care for the child with the available services should have been weighed and considered, together with the other relevant evidence. Accordingly, the order must be reversed.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.