In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (hammers, Ct. Atty. Ref.), dated September 13, 2011, as, after a permanency hearing, extended the placement of the subject children in foster care until January 17, 2012, directed the petitioner to file a petition to terminate her parental rights, and changed the permanency goal for the subject children from “reunification with the . . . parent” to “placement for adoption.”
Ordered that the appeal from so much of the order as extended the placement of the subject children in foster care until January 17, 2012, is dismissed as academic, without costs or disbursements, as the period of the extension of placement has expired; and it is further,
Ordered that the order is reversed insofar as reviewed, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
“At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence” (Matter of Cristella B., 65 AD3d 1037, 1039 [2009]; see Matter of Nigel S., 44 AD3d 673 [2007]; Matter of Darlene L., 38 AD3d 552, 554 [2007]). “ ‘[A]n overarching consideration always obtains for children to be returned to biological parents, if at all possible and responsible’ ” (Matter of Glenn B., 303 AD2d 498, 498 [2003], quoting Matter of Dale P., 84 NY2d 72, 77 [1994]). “The fact that ongoing assistance may be necessary from social services or other providers for a parent to regain custody does not foreclose the return of a child to a biological parent” (Matter of Natasha RR., 42 AD3d 762, 763 [2007]; see Matter of Commissioner of Admin. for Children’s Servs. of City of N.Y., 254 AD2d 416, 417 [1998]; Matter of Patricia N., 239 AD2d 622, 623 [1997]). “Pertinent concerns under such circumstances include, among others, the extent of services needed and the availability of such services, as well as the parent’s willingness and ability to recognize a need for help and otherwise cooperate with indicated services” (Matter of Natasha RR., 42 AD3d at 763).
*1051 Here, the petitioner failed to sustain its burden of establishing, by a preponderance of the evidence, that a plan to change the permanency goal from “reunification with the . . . parent” to “placement for adoption” was in the subject children’s best interests. It is undisputed that the mother has fully complied with all services recommended by the petitioner, and that she has fully cooperated with the petitioner. The mother has unsupervised visitation with the subject children, including overnight visits. The mother’s service providers agree that she has progressed substantially in addressing the issues which led to the removal of the subject children. Additionally, the mother has assistance from family members, and is willing to accept assistance recommended and offered by the petitioner. Under the particular circumstances of this case, the record does not support the Family Court’s determination to change the permanency goal from “reunification with the . . . parent” to “placement for adoption,” or its determination to direct the petitioner to file a petition, inter alia, to terminate the mother’s parental rights. Accordingly, we remit the matter to the Family Court, Westchester County, for further proceedings to effectuate the appropriate permanency goal of reunification with the mother. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.