In the Matter of RUSSELL SAGE COLLEGE et al., Respondents, v. STATE DIVISION OF HUMAN RIGHTS et al., Appellants.

Third Department, June 27, 1974.

*Henry Spitz* (*Howard Hertzberg* of counsel), for appellants.

*Pattison, Herzog, Sampson & Nichols, P. C.* (*Lambert L. Ginsberg* of counsel), for respondents.

SWEENEY, J. Dr. Andrienne Rogers, an associate professor of French employed by petitioner Russell Sage College, filed a complaint with appellant Division of Human Rights on May 24, 1972, charging an act of discrimination against her in retaliation for filing a prior complaint on October 21, 1971. (See *Matter of Russell Sage Coll.* v. *State Division of Human Rights*, 45 A D 2d 153 [decided herewith].) The instant retaliation complaint alleged that Dr. Rogers received a " standard " increase in salary for the years subsequent to the filing of her initial discrimination complaint, whereas the two male employees' were granted " merit " increases, although her evaluation for such years demonstrated superior performance in all categories. On May 7, 1973 this complaint was amended to allege, in substance, that since October 21, 1971 she had become more active in women's rights activities and because of her opposition to practices forbidden by law, she charged appellants with retaliation against her. Thereafter, after investigation, a conclusion of probable cause was reached by the Division and a notice of hearing issued. On April 11, 1973, prior to filing the amended complaint, Dr. Rogers filed a sex discrimination complaint with the Equal Employment Opportunity Commission of the United States. In an article 78 proceeding instituted by petitioners Russell Sage College, its president and vice-president, Special Term has restrained appellants from holding a hearing on the retaliation complaint.

Subdivision 9 of section 297 of the Executive Law provides: " No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section." Petitioners contend that since the Rogers amended complaint was filed subsequent to the complaint filed with the EEOC, the Division was divested of its jurisdiction. We do not agree. The grievance before the Division is a retaliation complaint, and although based on some of the same alleged facts, the issues are quite different from those of the discrimination complaint filed with EEOC. (*Mat-*

*ter of Richardson Employment Agency* v. *New York State Div. of Human Rights,* 40 A D 2d 585.) We further hold that the remedy of prohibition is not available under the circumstances of this case. (See *Matter of Greater N. Y. Corp. of Seventh Day Adventists* v. *Commission on Human Rights of City of N. Y.,* 27 N Y 2d 898; *Matter of Board of Educ. of Syracuse City School Dist.* v. *State Div. of Human Rights,* 38 A D 2d 245.)

The judgment should be reversed, on the law, without costs, and the petition dismissed.

HERLIHY, P. J., STALEY, JR., MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law without costs and petition dimissed.