■ In the Matter of STATE UNIVERSITY OF NEW YORK AT ALBANY, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board dated August 6, 1980, which affirmed a determination by the State Division of Human Rights ordering the State University of New York at Albany to pay respondent Leibowitz $5,000 as compensatory damages. This proceeding arises from charges of sexual discrimination in the form of harassment of respondent Leibowitz, an assistant professor of comparative literature at the State University of New York at Albany (SUNYA), by her department chairman, Joseph Szoverffy. During the 1974-1975 academic year, respondent was evaluated for tenure pursuant to policies of the Board of Trustees of the State University of New York system and, on June 9, 1975, tenure was denied. She initiated several lawsuits, alleging failure of SUNYA officials to comply with procedural requirements in the tenure process, and also libel and slander actions (see, e.g., *Leibowitz v Szoverffy*, 80 AD2d 692). In this proceeding, initiated by a complaint filed on January 22, 1976 with the State Division of Human Rights, she complained that her failure to be recommended for continuing appointment was a result of sex discrimination, and that Szoverffy had committed certain improper acts. Following a public hearing, the commissioner issued an order on June 4, 1979, finding that respondent was *not* denied continuing appointment because of her sex, but that her treatment by Szoverffy was discriminatory, and that SUNYA was responsible for his acts. SUNYA was directed to pay respondent $5,000 as compensatory damages. Upon appeal to the State Human Rights Appeal Board, the order was affirmed. This proceeding to review the order is brought pursuant to section 298 of the Executive Law. Petitioner raises two issues which would obviate all other issues if either were resolved in its favor, to wit: (1) the division and appeal board had no jurisdiction over the respondent's complaint because she had elected to commence suit in Supreme Court (Executive Law, § 297, subd 9) and (2) the appeal board's determination that petitioner was responsible for the discriminatory acts of Szoverffy was not supported by substantial evidence. Assertion of jurisdiction by the Division of Human Rights was proper. Although Szoverffy was charged with unlawful behavior in both the human rights complaint and in prior court proceedings, these actions did not arise from the same grievance or incident within the meaning of subdivision 9 of section 297 of the Executive Law. The article 78 proceeding was almost exclusively concerned with exposing procedural irregularities in the tenure review process. The human rights complaint charging sex discrimination and harassment is based primarily on the actions of Szoverffy. The proceedings do not arise from the same incident — both allege discriminatory acts, but one is directed at deficiencies in the tenure process, whereas the other is directed at improper activity of Szoverffy. Under these circumstances, assertion of jurisdiction was proper *(Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 159, 160-161, affd 36 NY2d 985). The order of the State Division of Human Rights granting compensatory damages should be reversed because there is no evidence in the record to support the finding that petitioner

knew of or condoned the discriminatory conduct by Szoverffy. The doctrine of *respondeat superior,* holding an employer liable for the acts of his employees in the course of their employment, has not been accepted in cases involving sex discrimination (cf. *Alexander v Yale Univ.,* 631 F2d 178). There is an affirmative burden on the complainant to prove that the employer either had knowledge or acquiesced in the discriminatory conduct of a supervisor or coworker *(State Div. of Human Rights v Henderson,* 49 AD2d 1026). Section 298 of the Executive Law requires us to determine whether the decision is supported by sufficient evidence on the record as a whole. We find that the evidentiary test summarized in *300 Gramatan Ave. Assoc. v State Div. of Human Rights* (45 NY2d 176, 181) has not been met. Review of this record reveals that respondent Leibowitz filed no formal charges with the university administration until April of 1975 when she filed a complaint with the Council of Academic Freedom and Ethics (CAFE) of SUNYA's Faculty Senate concerning Szoverffy's harassment of her as a female and his alleged interference with the process of her tenure review. The university president fully investigated the charges against Szoverffy, whose employment with SUNYA ultimately terminated. This shows SUNYA did *not* condone Szoverffy's discriminatory behavior, but did take affirmative action to investigate and correct it (see *State Div. of Human Rights v General Motors Corp.,* 78 AD2d 1006). Although several women on the staff may have been affected by Szoverffy's conduct, none communicated with the university administration. The fact that a department chairman harassed several female university personnel and that "everyone knew" about it, in the absence of evidence to demonstrate the employer's knowledge, is insufficient to support the charge that the university administration ratified or condoned such behavior (see *Matter of Galante & Son v State Div. of Human Rights,* 76 AD2d 1023, 1024). Petition granted, determination annulled, and complaint dismissed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.