■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v CARL MCCALL, as Commissioner of the Division of Human Rights, et al., Respondents. — Main, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated July 27, 1982, which found that petitioner was engaged in unlawful sex discrimination and awarded respondent Barbara Kowaleski reinstatement, back pay and compensatory damages for mental anguish.

Petitioner challenges a determination of the State Division of Human Rights which found that respondent Barbara Kowaleski (hereinafter respondent) was the victim of sex discrimination in the course of her employment as a correction officer with petitioner and awarded her reinstatement, back pay and $10,000 compensatory damages for mental anguish. Petitioner claims that it was not aware of and did not condone any sex discrimination against petitioner and, thus, under *Matter of State Univ. of N.Y. at Albany v State Human Rights Appeal Bd.* (81 AD2d 688, *affd* 55 NY2d 896), the Division's determination cannot be sustained. Petitioner further claims that the award made by the Division is in excess of its authority.

The findings of fact by the Division must be upheld if supported by sufficient evidence on the record considered as a whole (Executive Law § 298; *see, e.g., Matter of Comfort v New York State Human Rights Appeal Bd.,* 101 AD2d 663). In this case, our review of the record leads us to conclude that the Division's findings that respondent was subjected to sex discrimination should be upheld. In doing so, we recognize that there is some evidence which could support the conclusion that respondent's job performance was substandard. Respondent's testimony, however, supports the Division's findings (*see, Matter of Imperial*

*Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 78), and other testimony reveals that respondent's fellow employees either admitted or did not deny participating in acts of sex discrimination toward respondent. Still other testimony by fellow employees confirmed respondent's allegations and indicated that her work was not substandard and showed potential. To be sure, petitioner's own affirmative action office believed that respondent was subjected to sex discrimination. On such a record, we uphold the Division's findings of fact regarding sex discrimination toward respondent.

We further agree with the Division's conclusion that petitioner is liable because it was aware of the discrimination by its employees and condoned such by taking no ameliorative action. It is settled that the doctrine of respondeat superior is not available in cases involving sex discrimination (*Matter of State Univ. of N.Y. at Albany v State Human Rights Appeal Bd., supra,* p 689) and that there must be proof that the employer ratified or condoned such behavior (*supra*). In this case, the record discloses that petitioner's affirmative action office undertook investigations at respondent's behest and came to the conclusion that she was the object of sex discrimination by her fellow employees. Although the facts that such investigation was undertaken and meetings were arranged in an attempt to alleviate the sex discrimination may indicate that petitioner did not condone the unlawful discrimination by its employees (*see, State Div. of Human Rights v General Motors Corp.,* 78 AD2d 1006, *affd* 54 NY2d 905), no disciplinary action was taken against those who perpetrated the sex discrimination, despite such action having been taken in other similar circumstances, and no affirmative steps were made to eradicate the sex discrimination, which continued to affect respondent.

Furthermore, there is evidence that high ranking officials of petitioner, including an assistant commissioner and a superintendent of a correctional facility, were aware of respondent's situation. Indeed, it appears that respondent's case was eventually brought to the attention of the Commissioner of Correctional Services, who was familiar with respondent's situation and who has apparently taken no action on respondent's request for reinstatement or against those employees who have been found to have participated in sex discrimination against respondent. Such inaction in the face of acknowledged discriminatory practices by employees cannot be condoned. Under such circumstances, we do not believe that the proscription against the doctrine of respondeat superior in sex discrimination cases is applicable herein. The Division's determination that petitioner

had knowledge of respondent's situation and, by failing to take affirmative corrective action, condoned the discriminatory practices is supported by substantial evidence in the record and comports with the applicable legal principles.

Finally, we are of the view that the award of reinstatement, back pay and compensatory damages for mental anguish is reasonably related to the purposes of the Human Rights Law, supported by substantial evidence and not in excess of the Division's authority (*see,* Executive Law § 297 [4] [c] [ii], [iii]; *Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72, 79, *supra; Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 98 AD2d 923, 924, *lv granted* 62 NY2d 606).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., and Levine JJ., concur; Weiss, J., concurs in part and dissents in part in the following memorandum.

Weiss, J. (concurring in part and dissenting in part). While I fully agree with the majority that the record supports the Division's finding of sex discrimination for which petitioner is liable, in my view the $10,000 award for mental anguish is unduly excessive on this record (*see, New York City Bd. of Educ. v Sears,* 83 AD2d 959, *appeal dismissed* 55 NY2d 825; *see also, Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766; *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 91 AD2d 832; *121-129 Broadway Realty v New York State Div. of Human Rights,* 49 AD2d 422). Without attempting to minimize the seriousness of petitioner's conduct, I conclude that an award in the amount of $2,500 would more fairly compensate respondent.