OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, *686 without costs, and the matter remitted to that court with directions to remand to respondent for further proceedings in accordance with this memorandum and, except as so modified, affirmed.
In a proceeding before respondent pursuant to the Human Rights Law (Executive Law art 15), the following facts were found. On July 13, 1976, Deborah E. Greene, a black woman, came to the emergency room of appellant hospital, where she was examined and treated for back pain by Louis M. Mascitelli. Mascitelli gave her a note describing her disability and excusing her from work, and a second note when she returned with the same condition a week later. On July 26, Greene returned, complaining of continuing pain, but Mascitelli refused her request for a third note, stating he could find no medical basis for her complaint. Under hospital policy, when a patient continued to complain of pain for more than two weeks, the emergency room doctor was to refer the patient to a specialist. While Mascitelli was writing a note, Greene asked what he was writing, whereupon he tore up the note, took her medical chart, began leaving the room, and ordered her out of the hospital giving her no referral. The patient and doctor then began to quarrel. Mascitelli accused her of being "lazy and shiftless,” said that he had dealt with her "kind” in East Harlem, and that she expected special treatment because she was black. After a heated discussion in the hallway among Greene, her companion, the doctor and a security guard summoned to the scene by the emergency room nurse, Greene left the hospital.
By order dated January 13, 1982, respondent found that both Mascitelli and the appellant hospital wrongfully withheld accommodations, advantages, facilities or privileges of a place of public accommodation on the basis of race and color. Both were ordered to cease and desist from such practice, to pay Greene $1,000 in damages, and appellant hospital additionally was ordered to notify its managers, supervisors, officers and employees that it does not discriminate on the basis of race and color of a patient. As to Mascitelli, respondent found after a hearing that, despite his denial, his words "had the clear ring of racial epithet and were so apprehended by Complainant.” As to appellant hospital, the determination rested on the bare fact that as Mascitelli’s employer, it "is responsible as the principal, having put Mascitelli in the position of providing or not providing its services.” The Human Rights Appeal Board affirmed the determination on the *687 ground that it was supported by substantial evidence on the record taken as a whole. The Appellate Division, in a proceeding to review pursuant to Executive Law § 298, confirmed this determination, stating only that the delay in the proceeding was not so egregious as to constitute prejudice as a matter of law (Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818). While agreeing with the conclusion of the Appellate Division regarding timeliness of the proceeding, we hold that appellant was erroneously found liable for Mascitelli’s conduct based solely on the employment relationship.
An "employer cannot be held liable for an employee’s discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it.” (Matter of Totem Taxi v State Human Rights Appeal Bd., 65 NY2d 300, 305.) Here, respondent erroneously grounded appellant’s liability upon the simple fact that it employed the offending doctor, without any finding that the hospital itself in any way encouraged, condoned or approved his illegal acts. In support of affirmance, respondent now urges that, unlike the employer in Totem Taxi, here the hospital adopted no antidiscrimination policy, made no apology to Greene, and took no action against Mascitelli, thus tacitly condoning Mascitelli’s illegal conduct (see, Matter of General Motors Corp. v State Human Rights Appeal Bd., 78 AD2d 1006, affd 54 NY2d 905; Matter of State Univ. of N. Y. v State Human Rights Appeal Bd., 81 AD2d 688, affd 55 NY2d 896). Condonation, which may sufficiently implicate an employer in the discriminatory acts of its employee to constitute a basis for employer liability under the Human Rights Law, contemplates a knowing, after-the-fact forgiveness or acceptance of an offense. An employer’s calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation. Appellant urges, however, both that it lacked the knowledge fundamental to a showing of condonation, and that had condonation been indicated as a basis for liability at the time a record was made, it would have introduced evidence of its own reasonable measures taken to investigate the incident.
While the order below, given its basis, was erroneous, no findings were made by respondent to support the alternative ground for affirmance now urged upon us. We therefore modify the Appellate Division order so as to remand the matter to respondent for further findings, including further proceedings if deemed appropriate, relating to the issue of condonation.
*688 Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur in memorandum; Judge Simons taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.