■ RICHARD SPOON et al., Appellants, v AMERICAN AGRICULTURALIST, INC., Respondent, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered May 1, 1985 in Tompkins County, which granted defendant American Agriculturalist, Inc.'s motion for partial summary judgment dismissing various causes of action in the complaint.

Defendant American Agriculturalist, Inc. (American)[1] has published a monthly magazine for farmers since 1842 and operates an office in the City of Ithaca, Tompkins County, where plaintiff Celeste Spoon (hereinafter Spoon) was employed as an assistant circulation manager from 1979 until June 1983. In the spring of 1982, defendant Nelson Dunham became the circulation manager at American and, simultaneously, Spoon's immediate supervisor. The record indicates that Spoon began experiencing difficulties with Dunham, who allegedly used vulgar language and engaged in a course of conduct consisting of grabbing and touching Spoon's person. In February 1983, this action was commenced premised on sexual harassment, stating 13 causes of action against Dunham individually; four causes of action against American sounding in negligence, vicarious liability and violation of Executive Law § 296; and a derivative action by Spoon's husband, for loss of consortium. After depositions were completed, American's motion for partial summary judgment dismissing plaintiffs' 15th cause of action (Executive Law § 296) and 17th cause of action (vicarious liability), together with the derivative claim, was granted.[2] Plaintiffs have appealed.

In granting American's motion for summary judgment, Special Term essentially found that plaintiffs failed to raise a genuine issue of fact that the employer was ever placed on notice of Dunham's alleged misconduct. Giving plaintiffs the benefit of every favorable inference to be drawn from the pleadings, affidavits and depositions (see, Lehoczky v New York State Elec. & Gas Corp., 117 AD2d 870; Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008), we reach a different conclusion.

In their 15th cause of action, plaintiffs maintained that American violated Executive Law § 296 since it was aware of and condoned the sexual harassment attributed to Dunham. To sustain this contention, plaintiffs were required to affirmatively demonstrate that American, as Spoon's employer, had knowledge of and acquiesced in the discriminatory conduct of its employee, Dunham (see, Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300, 303-304; Hart v Sullivan, 84 AD2d 865, affd 55 NY2d 1011; Matter of State Univ. v State Human Rights Appeal Bd., 81 AD2d 688, affd 55 NY2d 896).

---

1. The correct corporate name is American Agriculturist, Inc.
2. Plaintiffs' 14th and 16th causes of action, sounding in negligence against American, were discontinued by stipulation.

Neither party disputes that Spoon complained to Albert Hoefer, Jr., president and general manager of American who was in charge of employee grievances, on two separate occasions. They disagree, however, as to the nature of the complaints made and American's response. The first meeting occurred in September 1982 when Spoon and two female coemployees met with Hoefer and discussed Dunham's offensive language. Hoefer concededly responded to these complaints by reprimanding Dunham, who apologized for his language. Contrary to Hoefer's recollection, Spoon stated in her deposition that she also complained about how Dunham "was always grabbing me". Spoon did not, however, inform Hoefer of the details of any grabbing incident. Noticeably absent from Hoefer's meeting notes was any mention of sexual grabbing.

After an incident at the Ithaca Sheraton Inn Lounge on January 10, 1983, where Dunham is alleged to have propositioned Spoon, indicating that he had "the hots" for her and recounting his various "sexual conquests", Spoon met with Hoefer a second time and advised him of the confrontation. Hoefer noted, however, that Spoon specifically requested that he not mention the incident to Dunham. The deposition testimony of Audrey MacCheyne, the assistant secretary-treasurer at American, is significant. She testified that Spoon had to be coaxed into complaining to Hoefer about the incident at the Sheraton "because she didn't want to make any trouble". Again, Hoefer indicated that no mention was made of any previous physical assaults. Spoon's opposing affidavit recounts a different scenario, in which she claims that she specifically advised Hoefer of several incidents of physical abuse involving Dunham, to which Hoefer responded that "he wouldn't do anything, but to let him know if Dunham engaged in any improper conduct again".

In our view, the divergent characterizations of these meetings serve to create an arguable issue of fact as to whether American, through Hoefer, was aware of Dunham's purported sexual harassment of Spoon and yet failed to take corrective action. While the notice provided in the September 1982 meeting was limited at best, a direct conflict exists as to what transpired during the January 1983 meeting. Spoon's version indicates that Hoefer was fully aware of the offensive behavior attributed to Dunham and yet expressly refused to remedy the situation. Since these allegations, when taken as true, establish the acquiescence prohibited by Executive Law § 296, Special term erred in granting summary judgment to Ameri-

can as to the 15th cause of action. Having so decided, it is unnecessary to determine whether notice given to other employees of American, particularly Hoefer's secretary, Shirley Carman, served to place American on notice for purposes of demonstrating a statutory violation.

Since plaintiffs have raised a triable issue of fact as to American's awareness of Dunham's behavior, we find that Special Term also erred in granting summary judgment on the 17th cause of action, which asserted that American was vicariously liable on the basis of respondeat superior for Dunham's actions. While the doctrine of respondeat superior is generally not available in sex discrimination cases, where the employer has pervasive knowledge of the wrongful conduct and fails to respond, that proscription does not apply (see, New York State Dept. of Correctional Servs. v McCall, 109 AD2d 953, 954; cf. Matter of State Univ. v State Human Rights Appeal Bd., 81 AD2d 688, 689, supra). Alternatively, the action is not barred by the exclusivity provisions of the Workers' Compensation Law (see, Workers' Compensation Law §§ 11, 29 [6]), since a factual issue has been raised as to whether American authorized an intentional tort on the part of its employee (see, Jones v State of New York, 96 AD2d 105, 106-107, lv denied 62 NY2d 605; Thompson v Maimonides Med. Center, 86 AD2d 867, 868).

Finally, the derivative claim of Spoon's husband must also be reinstated. Although a violation of Executive Law § 296 does not give rise to a derivative claim (see, Belanoff v Grayson, 98 AD2d 353, 358; Hart v Sullivan, 84 AD2d 865, 866, supra), having found an issue of fact as to whether an intentional tort may be attributed to American, summary judgment as to this cause of action was inappropriate.

Order reversed, on the law, without costs and motion denied in its entirety. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.