■ KAREN O'REILLY, Also Known as KAREN VERDICCHIO, Plaintiff, v EXECUTONE OF ALBANY, INC., et al., Defendants. KOHN, BOOKSTEIN & KARP, P. C., Appellant.—Levine, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 2, 1987 in Albany County, which denied an application by the law firm of Kohn, Bookstein & Karp., P. C. to withdraw from its representation of defendant Michael J. Mahar.

The instant appeal arises out of an action that was commenced by plaintiff to recover damages for alleged unlawful discrimination in employment consisting of sexual harassment and for claims of battery and the intentional infliction of emotional distress. At present, defendants in this action are the corporate employer, Executone of Albany, Inc., and two employees, Stanley Groggins and Michael J. Mahar. The law firm of Kohn, Bookstein & Karp, P. C. (hereinafter the firm) originally appeared on behalf of Executone and the five indi-

vidual defendants named in plaintiff's complaint. Following an order of Supreme Court which dismissed the complaint against all defendants except Executone, Groggins and Mahar, Groggins obtained separate counsel. Thereafter, perceiving a potential conflict of interest in continuing the joint representation of Executone and Mahar, the firm advised Mahar that he too should obtain separate counsel. When it appeared that Mahar did not intend to heed this advice, the firm applied to Supreme Court for an order permitting it to withdraw from representing Mahar. Although no one appeared in opposition to the motion, it was denied by Supreme Court. The firm now appeals.

Supreme Court's order should be reversed. The firm correctly points out that it cannot continue the joint representation of Executone and Mahar due to the fact that the clients will have discordant interests upon trial (see, Code of Professional Responsibility EC 5-14, 5-15; DR 5-105 [B], [C]). The conflict would arise where Executone offers its defense that even if Mahar engaged in misconduct, it is not responsible because it had no notice of, and did not acquiesce in, the misconduct (see, Spoon v American Agriculturalist, 120 AD2d 857, 858). It is clear that the firm cannot adequately represent the interest of Mahar and, at the same time, urge the foregoing defense on behalf of its other client, Executone. Accordingly, the firm should be permitted to withdraw from its representation of Mahar.

Order reversed, on the law and the facts, without costs, and application granted. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.