■ JEROME L. GOERING, Respondent, v NYNEX INFORMA-TION RESOURCES COMPANY, Appellant. [619 NYS2d 167] —Mercure, J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered September 20, 1993 in Schenectady County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Defendant appeals Supreme Court's denial of its motion for summary judgment with respect to plaintiff's Executive Law § 296 cause of action, alleging primarily that (1) plaintiff failed to oppose the motion with competent evidence of defendant's knowledge of sexual harassment by its employee, Sharon Rockenstire, and (2) evidence that plaintiff declined two separate offers of work at alternate locations established that sexual harassment did not constitute a term or condition of plaintiff's continued employment. We disagree and, accordingly, affirm.

To sustain a claim of sexual harassment under Executive Law § 296, a plaintiff is "required to affirmatively demonstrate that [the employer] had knowledge of and acquiesced in the discriminatory conduct of its employee" *(Spoon v American Agriculturalist,* 120 AD2d 857, 858; *see, Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305; *Matter of State Univ. of N. Y. v State Human Rights Appeal Bd.,* 81 AD2d 688, 689, *affd* 55 NY2d 896). Significantly, an employer's calculated inaction to its employee's sexually harassing conduct may readily indicate condonation *(see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687; *see also, New York State Dept. of Correctional Servs. v McCall,* 109 AD2d 953, 954-955). Here, although disputed by defendant, plaintiff came forward with competent evidence that he complained of Rockenstire's con-

duct to defendant's manager, Clare Smith, on several occasions between April 1987 and September 1987, in January 1989, in February or March 1989, and in May or June 1989. Additionally, plaintiff claims to have complained to Gloria Grattan, another of defendant's managers, in January 1989. The divergent characterizations of the complaints by plaintiff and defendant merely serve "to create an arguable issue of fact" as to whether defendant, through its supervisory personnel, was aware of Rockenstire's sexual harassment of plaintiff and failed to take corrective action *(Spoon v American Agriculturist, supra,* at 859).

Nor are we persuaded that the Unemployment Insurance Appeal Board's October 16, 1990 finding that plaintiff "had been offered two transfers but had declined to accept either one" competently establishes that sexual harassment did not constitute a term or condition of plaintiff's continued employment. The Board's inquiry centered on the question of whether plaintiff had provided defendant with adequate evidence of disability on and after April 11, 1990 to justify his failure to report for work, an issue largely unrelated to the one considered here. Further, the record on appeal contains none of the evidence that was before the Board, and defendant has offered no detail concerning the purported offers of transfer or, for that matter, even verified that they were made. In any event, in the absence of evidence that it took any disciplinary action against the employee who perpetrated the alleged harassment or other steps to alleviate the threat of further occurrences, a mere showing that defendant offered to transfer plaintiff to a different work location would not entitle it to judgment as a matter of law *(see, New York State Dept. of Correctional Servs. v McCall, supra,* at 954; *cf., Matter of Totem Taxi v New York State Human Rights Bd., supra,* at 305).

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.