■ DAWN-MARIE SORMANI, Respondent, v ORANGE COUNTY COMMUNITY COLLEGE, Appellant. (And a Third-Party Action.) [659 NYS2d 507] —In an action to recover damages for negligence and sex discrimination, the defendant appeals from so much of an order of the Supreme Court, Orange County (Bellantoni, J.), dated July 1, 1996, as denied in part its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted in its entirety, and the action is dismissed.

The plaintiff claims that while she was a student at the defendant Orange County Community College and employed part-time doing clerical work in the Physical Education Department, she was sexually harassed by Vance Levin, part-time coach of the women's basketball team. In the instant action, she seeks to recover damages for negligence and sex discrimination in her employment.

Since the plaintiff acknowledges that the offensive conduct occurred while she was "performing her job duties" as an employee of the defendant, we find that, as a matter of law, her cause of action sounding in negligence is barred by the Workers' Compensation Law, because workers' compensation is her exclusive remedy. Moreover, this State does not recognize the "dual-capacity doctrine" which would hold an employer liable based upon obligations independent of those imposed as an employer (see, *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 158). Since the availability of workers' compensation as the plaintiff's exclusive remedy involves a pure question of law, and requires no fact-finding, this Court may determine that issue in the first instance without deferring to the Workers' Compensation Board (see, *Liss v Trans Auto Sys.*, 68 NY2d 15, 20; *O'Rourke v Long*, 41 NY2d 219, 228).

The plaintiff has acknowledged that she did not inform her employer of Levin's conduct until March 26, 1993, when he

was immediately placed on leave. Consequently, the plaintiff has no cause of action to recover damages for sex discrimination pursuant to Executive Law § 296, which requires proof that the employer acquiesced in the discriminatory conduct or subsequently condoned it (*see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687). Nor is there any evidence in the record in admissible form that Levin had a supervisory relationship with the plaintiff. Accordingly, the plaintiff cannot recover damages for sex discrimination pursuant to title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) on a theory that Levin, acting as the agent of defendant, created a hostile work environment (*see, Van Zant v KLM Royal Dutch Airlines,* 80 F3d 708, 714-715; *Tomka v Seiler Corp.,* 66 F3d 1295, 1305; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 52).

There is no evidence that the defendant retaliated against the plaintiff when she ultimately complained of sexual harassment.

Accordingly, the action is dismissed in its entirety. O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.