Barbara COOKE, for Plaintiff–
Appellant,

v.

**COUNTY OF SUFFOLK, and Suffolk
County Police Department,
Defendants–Appellees,**

**Gregory Curto, Defendant.**

No. 00–9404.

United States Court of Appeals,
Second Circuit.

June 8, 2001.

---

Edward D. Tanenhaus, Thornton & Tanenhaus, New York, NY, for plaintiff-appellant.

Cynthia A. Kouril, Robert L. Folks & Assoc., LLP, Farmingdale, NY, for defendants-appellees.

Present CALABRESI and KATZMANN, Circuit Judges, and KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

### I. BACKGROUND

Barbara Cooke (the "plaintiff") appeals an order of the United States District Court for the Eastern District of New York (Platt, *J.*) granting the County of Suffolk's and the Suffolk County Police Department's (the "County," the "Police Department," and, collectively, the "defendants") motion for summary judgment against the plaintiff's sexual harassment claim.

The plaintiff, a Suffolk County Police Officer, alleges that in September 1994 she was raped by her supervisor Gregory Curto ("Curto") in a Hauppauge, New York motel room and that over the subsequent year Curto repeatedly subjected her to unwanted sexual advances and threats both in and out of her workplace. In spite of repeated inquiries by several other superior officers in the Police Department, the plaintiff failed to reveal the full extent of Curto's actions. And in spite of repeated entreaties, by these superiors, that she file a formal complaint against Curto on the basis of the behavior she did reveal, the plaintiff declined to do so and requested that her superiors keep in confidence the revelations that she made. When one of the plaintiff's superiors himself made a complaint, the Police Department's Internal Affairs Bureau began an investigation. As a result of this investigation, the Police Department charged Curto with coercing the plaintiff into sexual activity and sexually harassing the plaintiff. At an administrative hearing (convened pursuant to N.Y. Civil Service Law Article 275) on these charges, the hearing officer concluded that Curto had forced the plaintiff into sexual contact against her will and had thereafter continued to make unwelcome communications and approaches. Following the hearing officer's determination, Curto was fired from the Police Department.

---

* The Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York, sitting by designation.

## II. DISCUSSION

Subsequently, the plaintiff brought the lawsuit now before us. In its original form, the suit named the County, the Police Department, and Curto as defendants, and asserted federal causes of action—under Title VII and the Fourteenth Amendment & 42 U.S.C. § 1983—for a hostile work environment, *quid pro quo* sexual harassment, retaliation and disparate treatment, as well as related State claims—under New York Executive Law § 296 *et seq.* The plaintiff, however, voluntarily dismissed her § 1983 (and Fourteenth Amendment) claim as well as all claims against Curto.[1] Furthermore, the plaintiff admitted that she could not sustain her burden of proof (under either Title VII or New York State law) on a *quid pro quo* theory of sexual harassment.

Following these actions and admissions, the only parts of the suit that remained before the district court were plaintiff's Title VII and State law hostile work environment claims against the County and the Police Department. Both sides moved for summary judgment, and the district court denied the plaintiff's motion and granted the defendants' motion. The district court reasoned that under *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), an employer (who has not taken a tangible employment action against a plaintiff) may raise as an affirmative defense to liability on a hostile work environment claim "(a) that the employer exercised reasonable care to prevent and correct promptly any

sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765, 118 S.Ct. 2257; *Faragher*, 524 U.S. at 807, 118 S.Ct. 2275. Because it believed that both of these conditions were satisfied, the district court granted summary judgment for the defendants on plaintiff's Title VII claim. The district court further observed that the standard of employer liability governing the plaintiff's New York State law claim is at least as strict as the *Ellerth Faragher* standard, and it therefore dismissed the plaintiff's state law claim as well. *See generally, State Div. of Human Rights v. St. Elizabeth's Hospital*, 66 N.Y.2d 684, 687, 496 N.Y.S.2d 411, 487 N.E.2d 268 (1985).

The plaintiff now appeals, arguing principally that given the district court's duty at summary judgment to take all facts she has alleged as true and to resolve all ambiguities and draw all factual inferences in her favor, *see Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir.1994) (JON, *ALK*, RJC), the district court was not justified in holding at summary judgment either (a) that the defendants exercised reasonable care to prevent the sexual harassment or (b) that she unreasonably failed to employ the corrective measures the defendants had established. We conclude, however, that on the facts of this case, both prongs of the *Ellerth* and *Faragher* defense are made out as a matter of law and that the district court's grant of summary judgment in favor of the defendants was proper.[2]

---

1. In exchange for plaintiff's dismissing her claims against him, Curto agreed to testify in specified ways at any trial of plaintiff's claims against the County and the Police Department. We express no view as to the propriety of this arrangement.

2. Because we agree with the district court that *Ellerth* and *Faragher* require that summary judgment be granted in favor of the defendants in this case, we need not and do not consider the validity of the district court's alternative analysis of the case under *Torres v.*

### III. CONCLUSION

We have reviewed the plaintiff's claims and find them to be without merit. The judgment of the district court is, therefore, AFFIRMED.

*Pisano,* 116 F.3d 625 (2d Cir.1997) (JON, *GC,* Hurley).