■ ELAINE SUTHERLAND, Appellant, v ROMAN CATHOLIC DIOCESE OF ROCHESTER et al., Respondents. [833 NYS2d 819]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 2, 2005. The order granted defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the amended complaint insofar as it alleges that defendants subjected plaintiff to a hostile work environment for the period prior to and including July 27, 1999 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for pervasive sexual harassment by a coworker that allegedly created a hostile work environment (*see* Executive Law § 296 [1] [a]; *see generally Vitale v Rosina Food Prods.*, 283 AD2d 141, 142-143 [2001]). Plaintiff further alleges that defendants engaged in unlawful discrimination by retaliating against her after she complained that a coworker had sexually harassed her prior to August 1999 (*see* Executive Law § 296 [1] [e]).

Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the amended complaint insofar as it alleges that defendants acquiesced in or condoned the alleged sexual harassment by the coworker following plaintiff's complaint in August 1999 and that defendants retaliated against plaintiff after she made that complaint. With respect to defendants' alleged conduct in acquiescing in or condoning the sexual harassment, defendants met their burden by establishing that they "took immediate and adequate measures to ensure that the alleged offensive behavior would cease" (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 103-104 [1999]). With respect to their alleged retaliation, defendants met their burden by establishing that plaintiff was not subjected to any disadvantageous employment action following her complaint (*see id.* at 104). In response, plaintiff failed to raise a triable issue of fact.

We conclude, however, that the court erred in granting that part of defendants' motion seeking summary judgment dismissing the amended complaint insofar as it alleges that defendants subjected plaintiff to a hostile work environment for the period prior to and including July 27, 1999, and we therefore modify the order accordingly. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised triable issues of fact whether the workplace was "permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 50 [1996], *lv denied* 89 NY2d 809 [1997] [internal quotation marks omitted]), and whether defendants were aware of and acquiesced in the discriminatory conduct of plaintiff's coworker (*see Vitale*, 283 AD2d at 143). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.