■ Janet Bianco, Appellant, v Flushing Hospital Medical Center, Respondent, et al., Defendant. [863 NYS2d 453]—

In an action to recover damages for sexual harassment in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated November 29, 2006, which granted the motion of the defendant Flushing Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Flushing Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff commenced this action alleging, inter alia, that she was subjected to sexual harassment by the defendant Matthew Miller, an attending physician at the defendant Flushing Hospital Medical Center (hereinafter the Hospital), and that the Hospital was vicariously liable for Miller's misconduct. The Hospital moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among other things, that the plaintiff failed to come forward with any evidence that the Hospital acquiesced in Miller's alleged misconduct.

In the order appealed from, the Supreme Court granted the Hospital's motion. We reverse.

An "employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *see Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985]). Thus, where vicarious liability is claimed, the plaintiff must demonstrate that the employer had knowledge of and acquiesced in or condoned the discriminatory conduct (*see Vitale v Rosina Food Prods.*, 283 AD2d 141 [2001]; *Sormani v Orange County Community Coll.*, 240 AD2d 724, 725 [1997]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 54 [1996]; *Goering v NYNEX Info. Resources Co.*, 209 AD2d 834 [1994]; *Spoon v American Agriculturalist*, 120 AD2d 857, 859 [1986]; *see also Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257 [2006]). "An employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d at 687).

Here, in opposition to the Hospital's prima facie showing of entitlement to judgment as a matter of law, the plaintiff submitted evidence establishing that the Hospital's medical director, Peter Barra, was the individual called upon by the Hospital to handle the plaintiff's formal complaint. The plaintiff's complaint was referred to Barra by the Hospital's "legal team" and he was responsible for organizing a committee for a "corrective action proceeding." Miller's ultimate resignation letter was addressed to Barra. Further, the plaintiff stated at her deposition that, prior to the filing of the formal complaint, Barra witnessed Miller trying to kiss her. Thus, triable issues of fact exist as to whether Barra knew about Miller's alleged misconduct before the plaintiff made her formal complaint and whether he acquiesced in the alleged offensive behavior by failing to take any action. Accordingly, the Hospital's motion for summary

judgment dismissing the complaint as to it should have been denied (*see Vitale v Rosina Food Prods.*, 283 AD2d 141 [2001]; *Espaillat v Breli Originals*, 227 AD2d 266, 267 [1996]; *Goering v NYNEX Info. Resources Co.*, 209 AD2d 834 [1994]; *Spoon v American Agriculturalist*, 120 AD2d 857, 859 [1986]).

The plaintiff's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.