In the Matter of FAYIZ HILAL et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.
[869 NYS2d 613]

Determinations of the New York State Division of Human Rights (hereinafter the Division) are accorded "considerable deference due to its expertise in evaluating discrimination claims" (*Matter of Matteo v New York State Div. of Human Rights,* 306 AD2d 484, 485 [2003]; *see Matter of Club Swamp Annex v White,* 167 AD2d 400, 401 [1990]). A determination may not be set aside " 'merely because the opposite decision would have been reasonable and also sustainable' " (*Matter of Matteo v New York State Div. of Human Rights,* 306 AD2d at

485, quoting *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 56 [1973]; *see Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 79 [1980]).

Sexual harassment based upon a hostile work environment exists when "the workplace is permeated with 'discriminatory intimidation, ridicule and insult' that is sufficiently severe or pervasive to alter the terms or conditions of employment" (*Vitale v Rosina Food Prods.*, 283 AD2d 141, 143 [2001], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]). Here, the Division's determination that the complainant was subjected to a hostile work environment leading to her constructive discharge is supported by substantial evidence on the record considered as a whole (*see* Executive Law § 296 [1]; *Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 991 [2006]; *Matter of Under the Elms v Tolbert*, 1 AD3d 373, 374 [2003]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 46-47 [1996]; *see also Ortega v Bisogno & Meyerson*, 2 AD3d 607, 608-609 [2003]).

Contrary to the petitioners' contention, the award of $2,160 in damages for back pay was supported by the evidence (*see* Executive Law § 297 [4] [c]; *Matter of Club Swamp Annex v White*, 167 AD2d at 402; *cf. Matter of Cosmos Forms v State Div. of Human Rights*, 150 AD2d 442, 443 [1989]).

However, it is correctly conceded that the petitioner Fayiz Hilal may not be held personally liable for the damages awarded by the Commissioner.

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.