■ In the Matter of GOLD COAST RESTAURANT CORP., Doing Business as BRYANT & COOPER STEAKHOUSE, Petitioner, v KUMIKI GIBSON, as Commissioner of the New York State Division of Human Rights, et al., Respondents. [888 NYS2d 186]—

Proceeding pursuant to Executiv Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 7, 2008, which, after a hearing, found that the complainant, Bennie Knight, was subjected to a hostile work environment on the basis of race, and was constructively discharged, and awarded the complainant the sum of $50,000, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights, in compensatory damages for mental anguish and humiliation, and $68,422, plus interest at the rate of 9% per annum from April 1, 2006, for lost wages, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling those portions of the determination finding that the complainant was constructively discharged and awarding him $50,000, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human

Rights, in compensatory damages for mental anguish and humiliation, and $68,422, plus interest at the rate of 9% per annum from April 1, 2006, for lost wages, and substituting therefor a provision awarding the complainant the sum of $25,000, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights, as compensatory damages for mental anguish and humiliation, the determination is otherwise confirmed, the cross petition is granted to the extent of enforcing that award, the petition and cross petition are otherwise denied, and the proceeding is otherwise dismissed.

Substantial evidence supports the determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Division) finding that the complainant was subjected to a hostile work environment and that the complainant's employer, Bryant & Cooper Steakhouse (hereinafter Bryant & Cooper), condoned the discriminatory acts of its employees (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]; *Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 56 [1996]). A reviewing court "may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d at 106; *see Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898 [2008]).

However, substantial evidence does not support the Division's finding that the complainant was constructively discharged. Bryant & Cooper took some measures to end the discrimination of which it was aware, which, while ineffective, did not rise to the level of deliberately and intentionally creating intolerable working conditions (*see Whidbee v Garzarelli Food Specialties, Inc.*, 223 F3d 62, 73-74 [2000]; *O'Dell v Trans World Entertainment Corp.*, 153 F Supp 2d 378, 393 [2001], *affd* 40 Fed Appx 628 [2002]; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 848 [2007]). Moreover, the working conditions were not so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign (*see generally Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 622 [2006]). Indeed, the complainant continued to work at Bryant & Cooper for more than a year after the harassment began without ever threatening to resign (*see Petrosino v Bell Atl.*, 385 F3d 210, 230 [2004]).

It was only after Bryant & Cooper served its answer to the administrative complaint filed with the Division that the complainant felt compelled to leave his employment with Bryant & Cooper. However, the harassment had not increased. To the contrary, the complainant testified that the frequency with which other waiters and busboys made racial comments had decreased before he left his employment. Under such circumstances, the mere service of an answer to an administrative complaint is insufficient to support a constructive discharge claim. Accordingly, that portion of the determination finding that the complainant was constructively discharged and awarding him lost wages must be annulled.

An award for mental anguish and humiliation must be upheld if it is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219 [1991]; *Matter of State Div. of Human Rights v Stoute*, 36 AD3d 257, 266 [2006]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d at 57). Here, the only evidence of the complainant's mental anguish was his testimony and that of his sister. They testified that as a result of the hostile work environment he felt "hurt," "angry," and "frustrated" and became "somewhat depressed," "emotional," "withdrawn," and "traumatized." Once the complainant left his employment with Bryant & Cooper, he felt better. There were no physical manifestations of the complainant's anguish, and he did not seek out a medical professional. Accordingly, the amount awarded is not similar to comparable awards for similar injuries, and we instead award the sum of $25,000 plus interest (*see Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 883-884 [2001]; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 241 AD2d 811, 812 [1997]; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 215 AD2d 908, 910 [1995]; *cf. Matter of Greenville Bd. of Fire Commrs. v New York State Div. of Human Rights*, 277 AD2d 314, 314-315 [2000]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d at 49, 57-58; *Gleason v Callanan Indus.*, 203 AD2d 750, 752 [1994]).

Bryant & Cooper's remaining contentions have either been rendered academic in light of our determination, or are without merit. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.