█ In the Matter of GARRISON PROTECTIVE SERVICES, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [898 NYS2d 53]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated November 16, 2007, which adopted the recommendation and findings of an administrative law judge dated October 17, 2007, made after a hearing, finding that the petitioner discriminated in the terms, conditions, and privileges of the complainant's employment on the basis of her sex by condoning the discriminatory conduct directed at the complainant by its employee, Louis Jackson, on the basis of the complainant's sex, and that the petitioner retaliated against the complainant for opposing those discriminatory practices, and awarded the complainant damages in the principal sums of $100,000 in compensatory damages for mental anguish and humiliation, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights, and $4,706.80 for back pay, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights.

Adjudged that the petition is granted, on the law, to the extent that the provision of the determination which awarded the complainant $100,000 in compensatory damages for mental anguish and humiliation, plus interest at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights, is annulled, the determination is otherwise confirmed, the petition is otherwise denied, the proceeding is otherwise dismissed, and the matter is remitted to the New York State Division of Human Rights for a new award of compensatory damages for mental anguish and humiliation not to exceed the principal sum of $50,000, plus interest on the new award at the rate of 9% per annum from the date of the order of the Commissioner of the New York State Division of Human Rights; and it is further,

Ordered that one bill of costs is awarded to the respondents Lynda Byrd and Nassau Health Care Corporation, payable by the petitioner.

Substantial evidence supports the determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Division) finding that the complainant Lynda Byrd was subjected to a hostile work environment on the basis of her sex, that the petitioner condoned the discriminatory acts of its employee, Louis Jackson (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *Bianco v Flushing Hosp. Med. Ctr.*, 54 AD3d 304, 305 [2008]; *Sormani v Orange County Community Coll.*, 240 AD2d 724, 724-725 [1997]), and that it retaliated by constructively discharging Byrd from her position as a security guard (*cf. Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 394 [2007]; *Romney v New York City Tr. Auth.*, 8 AD3d 254 [2004]). Substantial evidence also supports the Division's determination that the respondent Nassau Health Care Corporation was not a proper party to the proceeding (*see State Div. of Human Rights v GTE Corp.*, 109 AD2d 1082, 1083 [1985]). "Determinations of the New York State Division of Human Rights . . . are accorded 'considerable deference due to its expertise in evaluating discrimination claims' [and] may not be set aside ' "merely because the opposite decision would have been reasonable and also sustainable" ' " (*Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898, 898 [2008], quoting *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]; *see Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 630 [1988]). Moreover, a reviewing court "may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]; *see Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898 [2008]).

"An award for mental anguish and humiliation must be upheld if it is reasonably related to the wrongdoing, is supported by substantial evidence, as is similar to comparable awards for similar injuries" (*Matter of Gold Coast Rest. Corp. v Gibson*, 67 AD3d 798, 800 [2009]; *see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219 [1991]). The award of compensatory damages in the principal sum of $100,000 for mental anguish and humiliation is not similar to comparable awards for similar injuries and, thus, we remit the matter to the Division for a new award of compensatory damages for mental anguish and humiliation not to exceed the sum of $50,000 plus interest (*see Matter of Columbia Sussex Corp. v New York State Div. of Human Rights*, 63 AD3d 736). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.