*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014          518423
_____

BARBARA TIDBALL,
                    Respondent,
          v                              MEMORANDUM AND ORDER

SCHENECTADY CITY SCHOOL
     DISTRICT,
                    Appellant.
_____


Calendar Date:  October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____


     Girvin & Ferlazzo, PC, Albany (Patrick J. Fitzgerald of
counsel), for appellant.

     Colin D. Dwyer, Loudonville, for respondent.

_____


Peters, P.J.


     Appeals (1) from an order of the Supreme Court (Buchanan,
J.), entered April 25, 2013 in Schenectady County, which denied
defendant's motion for summary judgment dismissing the third
amended complaint, and (2) from that part of an order of said
court, entered October 3, 2013 in Schenectady County, which, upon
renewal, partially denied defendant's motion for summary
judgment.

     Plaintiff, an employee of defendant, and her husband,
derivatively, commenced this action against defendant and the
City of Schenectady in April 2008, grounded upon alleged sexual

harassment of plaintiff by her supervisor, Steven Raucci.[1]  In her amended and second amended complaints, plaintiff asserted that defendant was liable because it knew of Raucci's conduct through her own reports to defendant's administration.  However, following two motions to dismiss by defendant and two cross motions by plaintiff to amend her complaint, Supreme Court (Giardino, J.), in two orders, among other things, precluded plaintiff from claiming that defendant knew of Raucci's alleged harassment based on her own communications with defendant.  In plaintiff's third amended complaint, her only asserted basis for defendant's knowledge of Raucci's conduct was "various communications between school administrators and Raucci individually."  Supreme Court (Buchanan, J.) thereafter denied defendant's motion for summary judgment dismissing plaintiff's third amended complaint, finding that questions of fact existed as to defendant's knowledge of Raucci's conduct due to his possible status as a high level supervisor and as to whether Raucci himself put defendant on notice of his conduct through his own actions.  Defendant thereafter moved to, among other things, renew the motion, submitting new evidence that Raucci was not a high level supervisor.  Upon granting renewal, Supreme Court partially granted defendant's motion for summary judgment by precluding plaintiff from claiming that defendant was a high level supervisor.  Defendant now appeals, arguing that the third amended complaint should have been dismissed in its entirety because defendant did not know, nor should it have known, of Raucci's conduct against plaintiff.[2]

Pursuant to Executive Law § 296 (1) (a), it is "an unlawful discriminatory practice [] [f]or an employer . . ., because of an

---

[1]  Supreme Court subsequently dismissed the derivative claim and the action against the City.

[2]  Plaintiff limited her third amended complaint pursuant to Supreme Court's (Giardino, J.) two orders, and she failed to appeal from either of the orders limiting her causes of action. Therefore, the only issue before us is whether defendant's administration was on notice of Raucci's alleged harassment of plaintiff based on Raucci's own actions and communications.

individual's . . . sex, . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (see Catholic Charities of Diocese of Albany v Serio, 28 AD3d 115, 125 n 4 [2006], affd 7 NY3d 510 [2006], cert denied 552 US 816 [2007]; Mauro v Orville, 259 AD2d 89, 91 [1999], lv denied 94 NY2d 759 [2000]).  An employee may succeed on a sexual harassment claim pursuant to Executive Law § 296 (1) (a) upon establishing that he or she is a member of a protected group, is subjected to unwelcome sexual harassment based on his or her gender that affects a term, condition or privilege of his or her employment, and that the employer "knew or should have known of the harassment and failed to take remedial action" (Matter of Town of Lumberland v New York State Div. of Human Rights, 229 AD2d 631, 636 [1996]; see Matter of Bracci v New York State Div. of Human Rights, 62 AD3d 1146, 1148 [2009], appeal dismissed 15 NY3d 865 [2010]; Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights, 31 AD3d 989, 990 [2006]).  An employer will be liable for "an employee's discriminatory act [where] the employer became a party to it by encouraging, condoning, or approving it," and the term condonation includes, as relevant here, "[a]n employer's calculated inaction in response to discriminatory conduct" (Matter of State Div. of Human Rights v St. Elizabeth's Hosp., 66 NY2d 684, 687 [1985] [internal quotation marks and citation omitted]; see Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d 1265, 1267 [2011]; Goering v NYNEX Info. Resources Co., 209 AD2d 834, 834 [1994]).

Between September 2007 and February 2009, plaintiff worked as Raucci's secretary.  Raucci, the facilities' supervisor, reported directly to defendant's human resources administrator, Michael Stricos, as well as to defendant's assistant superintendent for business, Michael San Angelo.  On June 5, 2008, Raucci sent plaintiff a memorandum on defendant's letterhead informing her that, effective July 7, 2008, she would commence her position as "messenger" and congratulating her on her new appointment.  The memorandum indicated that it was copied to Stricos, San Angelo and Patrick Paratore, a facilities assistant.  On the effective date of her appointment, Raucci sent plaintiff a memorandum on defendant's letterhead containing the exact language as the June 5, 2008 communication, with a list of

"[a]dditional conditions" of the appointment.  These conditions included demands to "[t]ake time everyday to keep your appearance pleasing for your supervisor[,] . . . [a]lways remember that your supervisor is a man first and a supervisor second and he should be treated as such in that sequence[, and b]eing attractive, sensitive and classy with a touch of sexiness, are crucial to the position."  This memorandum also indicated that it was copied to San Angelo, Stricos and Paratore, and plaintiff testified that, based on this notation, she believed that they had received it.

It is undisputed that plaintiff never directly informed anyone in defendant's administration that she was being sexually harassed by Raucci.  However, early in plaintiff's work with Raucci, he wrote a letter to look as if plaintiff had written it, and asked her to hand-deliver it to Stricos.  The mock letter, which accused Raucci of sexually harassing plaintiff, was apparently meant as a joke because, at that time, a sexual harassment suit was pending against Raucci by a former male employee.  According to plaintiff, the letter was intended "to prove to . . . Stricos that [Raucci] harassed women, that he liked women, not men."  Plaintiff handed Stricos the letter without speaking to him.  Moreover, plaintiff asserted that, while defendant "recommended sexual harassment training for [Raucci's] staff, including [Raucci]," due to the prior sexual harassment lawsuit against him, Raucci himself canceled the training and would not comply, which defendant allowed.

Plaintiff further testified that, during a particularly difficult time in her work with Raucci, the two discussed the possibility of her transferring to a different position.  After Raucci yelled at her to "just go," she went to Stricos' office to wait to speak with him.  According to plaintiff, as she waited, Raucci came and looked into where she was sitting and, upon seeing that Stricos was not there, left.  However, when Stricos arrived, Raucci was directly behind him and followed plaintiff and Stricos into their meeting.  Plaintiff testified that, with the exception of a few words at the beginning of the meeting, she was not allowed to explain why she had come to speak to Stricos, as Raucci dominated the meeting.  Stricos never asked plaintiff's purpose for the meeting, nor followed up with her about issues discussed therein.

In support of its motion, defendant adduced sufficient evidence to meet its initial burden of establishing as a matter of law that it did not know, nor should it have known, of Raucci's alleged conduct (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Sutherland v Roman Catholic Diocese of Rochester, 39 AD3d 1151, 1152 [2007]). In particular, defendant provided the affidavits of Stricos and San Angelo averring that they had no awareness of Raucci's offensive email to plaintiff concerning her appointment as messenger prior to the commencement of this action. Further, defendant elicited testimony from plaintiff that she assumed that Stricos knew that the mock letter complaining of sexual harassment was a joke from Raucci, due to the personal relationship between Raucci and Stricos and their manner of joking with one another.

However, viewing the evidence in the light most favorable to plaintiff, she has successfully raised triable issues of fact as to whether defendant should have known of Raucci's harassing conduct, based on, among other things, the contradictory evidence as to whether Stricos and San Angelo received Raucci's email regarding plaintiff's appointment as messenger, the inappropriate and suggestive nature of his mock letter to Stricos, and Raucci's refusal to allow plaintiff to meet alone with Stricos (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 315 [2004]; Vitale v Rosina Food Prods., 283 AD2d 141, 144, 146 [2001]; Goering v NYNEX Info. Resources Co., 209 AD2d at 835). For the foregoing reasons, Supreme Court's orders are affirmed.

Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the orders are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court